## HUSTON v. SIOUX FALLS TOWNSHIP.

1. It was not competent for the board of township supervisors, or for a member thereof, to enter into a contract with plaintiff for the repair of a road, whereby a debt would be created on the part of the town.
2. The fact that a town received the benefit of plaintiff's labor under an unauthorized contract was immaterial.

(Opinion filed July 22, 1903.)

Appeal from county court, Minnehaha county. Hon. DANA R. BAILEY, Judge.

Action by Frank E. Huston against Sioux Falls township, a corporation. Judgment for defendant. Plaintiff appeals. Affirmed.

*R. W. Parliman*, for appellant.

*R. J. Wells*, for respondent.

CORSON, J. This is an appeal from a judgment entered in the county court of Minnehaha county upon the findings of fact and conclusions of law made by a referee. The action was brought by the plaintiff to recover the sum of $104.30 for service of himself and team in repairing a road in the defendant township. The referee found in substance that the plaintiff, in the months of April. May, and June, 1900, performed the labor claimed to have been performed by him upon the highway in the defendant township, "pursuant to a contract with one

Frank Ford, who, in making such contract, assumed to act as one of the supervisors of the said township, and to make said contract with the plaintiff on behalf of the said township.'' The referee further finds that there was no money in the hands of the treasurer of said township belonging to the highway fund at the time of the making of the alleged contract and the performance of the labor, except money that had been raised for a specific purpose, which purpose did not include the labor performed by the plaintiff; that the county treasurer collected and paid over to the township treasurer on February 26, 1901, on account of the 5-mill levy on the assessed valuation of the property of the defendant township for the year 1900, the sum of $603.89, of which about the sum of $200 was money for taxes on property in the said district No. 2. From the findings of fact the referee concludes ''that, there being no money in the hands of the township treasurer at the time of the making of the contruct set forth in the findings  *  *  *  belonging to the general highway or road fund, said contract was in excess of the power conferred by law upon the township supervisors, and void, and that the defendant is entitled to a judgment that the complaint of the plaintiff be dismissed.''

The powers of such board being limited, it was not competent for it or a member thereof to enter into a contract with the plaintiff by which a debt would be created on the part of the town. It will be noticed that the referee found that at the time Ford, as a member of the board, entered into the contract with the plaintiff, there were no funds in the town treasury applicable to payment for this work, and it does not appear that any funds were in the hands of the treasurer that might be applied in the payment of the sum due this plaintiff until in Feb-

ruary, 1901, nearly a year after the contract was entered into. In Aldrich v. Collins, 3 S. D. 154, 52 N. W. 854, this court made an exhaustive examination of the powers and duties of supervisors, and in Austin Mfg. Co. v. Twin Brooks Twp., 16 S.D. 126, 91 N. W. 470, again reviewed the question, and we do not therefore deem it necessary to further discuss the question in this opinion. The referee and the county court were clearly right in holding that the town supervisors were not authorized to enter into the contract with the plaintiff, and that such contract was void as against the town.

It is contended by the appellant that, as the town received the benefit of the plaintiff's labor, it ought in justice to be compelled to pay for the same. But such a rule would enable town supervisors to impose upon their towns an indefinite amount of indebtedness, which it was the intention of the law to avoid, as it is provided by the statute that no indebtedness shall be incurred by the township board except upon a two-thirds vote of the electors at a regularly called or special meeting thereof.

It will be noticed that there is no finding of the referee, nor evidence, of any valid contract between the township board and the plaintiff. Ford, as a member of the board, was not authorized to make a contract binding the town.

The judgment of the county court is affirmed.