**CITY OF BISMARCK, a Municipal Corporation, Plaintiff and Respondent,**

**v.**

**C. L. KLEINSCHMIDT, as County Treasurer of Burleigh County, North Dakota, Defendant and Appellant.**

No. 8341.

Supreme Court of North Dakota.

Aug. 16, 1966.

On Denial of Rehearing Oct. 13, 1966.

John A. Zuger, City Atty., Bismarck, for plaintiff and respondent.

Albert A. Wolf, State's Atty., and John E. Adams and Kenneth M. Jakes, Asst. Attys. Gen., Bismarck, for defendant and appellant.

STRUTZ, Judge.

The 1965 Legislative Assembly enacted Chapter 412 of the 1965 Session Laws, amending Section 57–37–24, North Dakota Century Code, relating to the collection and distribution of estate taxes. The amendment provides that thirty-five per cent of estate taxes collected shall be paid to the State Treasurer, and that—

" * * * the balance of sixty-five per-cent of such tax * * * shall be distributed by the county treasurer collecting the same among the counties, cities or villages in which any part of the decedent's property was located at the time of his death. If any part of the decedent's property was located within the limits of a city or village the share of tax based on such property shall be divided between city or village and the county in proportion to their respective total mill levies, except school levies. * * *"

The Attorney General of this State, on July 24, 1965, rendered an opinion in which he held that the amendment of Section 57–37–24, North Dakota Century Code, applied only to estate tax monies collected on estates where the decedent died after July 1, 1965, the effective date of such amendment. The appellant, Treasurer of Burleigh County, made disposition of estate taxes collected by him in conformity with the Attorney General's opinion, and the respondent, City of Bismarck, has brought mandamus proceedings against the County Treasurer demanding that the City be paid its proportionate share of all estate taxes collected after the effective date of the Act, whether the decedent had died before or after such date.

The trial court held that the law changing the disposition of such estate taxes applied to all estate taxes collected after July 1, 1965, whether the decedent had died before or after that date. The trial court further held that mandamus was a proper remedy for the collection of such taxes in the hands of the County Treasurer at the time of the commencement of this action, but that as to taxes collected after July 1, 1965, and disbursed to the County prior to the start of this action, the City would have to sue the County and that mandamus was not the proper remedy.

The County has prosecuted this appeal from the judgment entered in the district court and from the peremptory writ of mandamus entered in said action, demanding trial de novo in this court.

The first question to be determined on this appeal is whether the provisions of this amendment apply to all estate taxes collected after July 1, 1965, the effective date of the amendment, or whether the statute applies only to those estate taxes collected in estates where the decedent died after July 1, 1965. A second question arises in the event the provisions of the amendment are held to apply to all taxes collected after

the effective date of the Act, and that question is whether mandamus is the proper remedy for the collection by the City of such taxes from the County.

Our law provides that estate taxes shall be due and payable at the death of the decedent. If not paid within fifteen months after death, such taxes bear interest at the rate of six per cent from the expiration of the fifteen months following death until paid. The transfer shall be deemed to take place at the time of death, and appraisal shall be as of the date of the death of the decedent. Sec. 57–37–16, N.D.C.C.

■ Subject to constitutional restrictions, the Legislature has full power and control over the disposition of taxes. 85 C.J.S. Taxation § 1057, p. 644.

■ Thus the method of allocating the estate taxes between the State and its political subdivisions is a matter within the power of the Legislature. But such allocation by the Legislature must be made in conformity with constitutional restrictions. Section 175 of the North Dakota Constitution provides that:

"* * * every law imposing a tax shall state distinctly the object of the same, to which only it shall be applied."

The law imposing the estate tax, in force at the time of the death of decedents who died before July 1, 1965, provided that such tax was to be applied and disposed of by paying to the State Treasurer thirty-five per cent and the balance of sixty-five per cent to be retained by the County Treasurer and deposited to the credit of the general fund of the County. Thus, at the time the tax became due at the death of persons who died prior to July 1, 1965, the object for which such tax was levied was for State and County purposes only, and, under Section 175 of the North Dakota Constitution, such taxes shall be used for no other purpose.

■ Many other arguments have been advanced by both of the parties to this suit

in favor of and against the claim of the City for a portion of the estate taxes collected after July 1, 1965, on estates where the decedent died prior to that date. We believe, however, that the above constitutional provision prohibits the City from sharing in such estate taxes because at the time such taxes became due the statute specifically provided for what purposes such taxes were to be used. Since the provisions of this amendment are held to apply only to estates in which the decedents died after the effective date of the 1965 Act, and the above constitutional provision is held to prohibit the City from sharing in such estate taxes prior to the effective date of the 1965 Act, other grounds advanced in support of the City's claim need not be considered.

Inasmuch as the provisions of this amendment are held to apply only to estates in which the decedents died after the effective date of the 1965 Act, the question of whether mandamus is a proper remedy need not be considered in this opinion.

For reasons stated herein, the judgment of the district court is reversed.

TEIGEN, C. J., and MURRAY, ERICKSTAD and KNUDSON, JJ., concur.

On Petition for Rehearing.

STRUTZ, Judge.

A petition for rehearing has been filed by the City of Bismarck. The City contends that this court erred in holding that the provisions of Chapter 412 of the 1965 Session Laws, changing the method of distribution of estate taxes, does not apply to the tax in any estate of a decedent who died prior to the effective date of the amendment. It argues that estate taxes are levied for no particular purpose, and that the object of the tax is to tax the transfer of the estates of decedents, and that the distribution was for general State purposes.

■ We concede that Section 175 of the North Dakota Constitution does not require

that the purpose for which a tax is to be used be itemized in the law. But where the law at the time the tax is imposed on the transfer of the estate of a decedent, at the date of his death, provided that such tax be distributed to the State and the County, the purpose for which the tax is imposed is fixed, and the Legislature cannot thereafter provide for the distribution of a part of such tax, already imposed, to the cities.

■ The City strenuously contends that the situation is no different than if the law provided that all estate taxes be paid into the State general fund and the Legislature thereafter appropriated taxes so collected to the municipal subdivisions. We agree that the Legislature could use the money derived from the estate tax for any State purpose. But we point out that, at the time a decedent died, prior to July 1, 1965, the purpose for which the estate tax was imposed was a State purpose. Counties are not municipal corporations, but are creatures of the Constitution itself. N.D.Constitution, Secs. 130, 166–173, 175; Hart v. Bye (N.D.), 76 N.W.2d 139.

■ Section 175 of the North Dakota Constitution applies to taxes imposed by law for general State purposes. Thus the estate tax in estates where the deceased died before the effective date of Chapter 412 of the 1965 Session Laws, amending Section 57–37–24, North Dakota Century Code, was imposed for State purposes. Such tax cannot, under Section 175 of the North Dakota Constitution, be applied to any purpose other than a State purpose, which includes the counties. Any attempt to distribute a portion of such tax to municipal corporations must be limited to taxes imposed *after* the effective date of the Act, and thus the provisions of the Act distributing a part of the estate taxes to cities must be limited to estates in which the deceased died after July 1, 1965, when the new law became effective. In other words, the Legislature does have the right to change the distribution of the estate tax, but, under the Constitution, must limit that change in distribution to taxes imposed on estates at the death of decedent following the effective date of the Act.

The petition for rehearing is denied.

TEIGEN, C. J., and ERICKSTAD, KNUDSON and MURRAY, JJ., concur.