KEINER, Appellant

v.

BRULE COUNTY BOARD OF EDUCATION et al., Respondents

(166 N.W.2d 833)

(File No. 10556. Opinion filed April 7, 1969)

**Johnson & Johnson,** Gregory, for plaintiff and appellant.

**John Keller,** Chamberlain, for defendant and respondent Brule County Board of Education.

**Boyd L. McMurchie,** Chamberlain, for defendant and respondent Common School District No. 40.

ROBERTS, Judge.

This appeal arises out of proceedings instituted to form a reorganized school district pursuant to SDC 1960 Supp. 15.20 as amended. There was filed in the office of the County Superintendent of Schools of Brule County a petition for the consolidation of Common School Districts Nos. 15, 32 and 33 into a reorganized district. These districts comprised all the territory in Ola Township. The petition was signed by more than the number of resident electors required by statute. An election was held at which Districts Nos. 15 and 32 voted in favor of the proposed reorganization and District No. 33 voted against the proposal.

So far as applicable, SDC 1960 Supp. 15.2015 as amended by Chapters 69 and 71, Laws 1963, provides:

> "After closing the polls, the judges shall return the results of the election to the county superintendent by whom they were appointed. Each county superintendent shall call a meeting of the county board of education who shall canvass the votes cast * * *. In event the total assessed valuation of the individual school dis-

tricts and portions of school districts determine to be in favor of the proposed school district is found to be equal to or in excess of sixty-five per cent of the total assessed valuation of the school districts and portions of school districts in which the election was held the county board of education shall have the authority to direct the county superintendent of school to issue his order creating the school district composed of those individual school districts and portions of school districts in which a majority of the total votes cast were in favor of the proposed school district if in the opinion of the county board of education the total resources, territory and population of the same will make a feasible school district. The action taken by the county board of education shall be in form of a resolution, favorably supported by a majority of the members elect and duly recorded in the official record of the board's proceedings. **The county superintendent shall thereupon issue his order creating such school district, which shall from the date of issuance of such order be an existing school district, although it shall not operate as such until the members of its school board have been elected and have organized as provided in this Chapter.** Such order shall be mailed to the State Superintendent, the county auditors concerned, and to the chairman or president of the school board of each district affected by the order."

A canvass of the votes cast in the three districts was made at a meeting of the County Board of Education on August 11, 1966, and its minutes show that a majority of the votes cast at each polling place in Districts Nos. 15 and 32 was in favor of the proposed school district and that in District No. 33 the proposal was defeated. The minutes also contain the recital that a member of the board "made a resolution No. 1 that Ola districts be combined all as one district, they being Ola dist. 15, Ola dist. 33 and Ola dist. 32."

SDC 1960 Supp. 15.2018 as amended by Ch. 73, Laws 1963, prescribed types of school districts which could be·combined by

county boards of education with other districts. The types des-
cribed therein included any district which had failed to operate
a school the preceding two school fiscal years. These provisions
were reenacted by subsection (4) of Ch. 41, Laws 1966, but its
provisions by express terms of the act did not become effective
until January 1, 1968.

The County Superintendent of Schools testified that after
the meeting on August 11, 1966, he apprised the chairman of
the county board of the possible illegality of attaching District
No. 33 to the reorganized district. The minutes of the meeting
of the board on August 18, 1966, contain the following recital:
"Chairman of the board asked for reasons why Ola 33 should
not be left as stated on the Aug. 11 meeting 1966. Mr. Hrabe,
speaking for Ola district 33 asked that the County Board of
Education reconsider their order as to the attaching of Ola 33
to the new Ola school district. Ketelhut made a resolution that
the Aug. 11 decision on the proposed Ola District be left as
such. Brchan seconded resolution. Vote 4 for, 1 against." The
minutes of the meeting of the county board on September 20,
1966, state: "Ola school district 33 met with the board of educa-
tion and discussed the problems with their district. The States
Attorney and Ola No. 33's lawyer were in attendance. The two
attorneys discussed the related points of school law as they
saw them."

The County Superintendent of Schools thereafter notified
the chairman of District No. 33 that the county board adopted a
"resolution No. 1 that Ola School District No. 33 be joined to
the reorganized Ola School Dist. No. 40" and that on July 1,
1967, it would become "dissolved and be a part of Ola District
No. 40." October 31, 1966, District No. 33 appealed to the Circuit
Court pursuant to SDC 1960 Supp. 15.2023 as amended by Ch.
42, Laws 1966, from the decision of the county board attaching
it to Districts Nos. 15 and 32.

It appears that thereafter the States Attorney requested the
Attorney General's construction of subsection (4) of Chap. 41,

Laws 1966, to which we have above referred. Replying, December 21, 1966, the Attorney General stated that in his opinion a county board of education was without authority to combine a non-operating school district with another district under subsection (4), supra, after July 1, 1966, and prior to January 1, 1968. The next meeting of the county board was on January 17, 1967. The minutes of that meeting contain the following recitals: "The Board spoke of the Ola school district situation at length. Motion was made by Ketelhut that the Brule Co. Board of Education recall Resolution No. 1, which stated that Ola 33 be attached to the districts Ola 32 and Ola 15. Brchan seconded motion, Motion carried. Motion made by Dufelmeier that according to the canvass of the vote on Aug. 11, 1966 it was found that both Ola 15 and Ola 32 passed the reorganization election by the required majority and that the Brule County Board of Education declare such reorganization election as passed. Seconded by Brchan. Motion Carried."

The record reveals that the County Superintendent of Schools prepared, signed and handed to the school board chairmen of Districts Nos. 15 and 32, notices to the effect that such districts would become "dissolved and a part" of District No. 40 on July 1, 1967. The County Superintendent also handed the chairmen copies of an order containing a description of the territory included in the reorganized district and a declaration that the change would become effective July 1, 1967, and also providing: "In accordance with the provisions of law, I hereby order the change in school districts as indicated above. State, County, and school district officers affected by such change are hereby requested to make the necessary adjustments as provided by statute."

An election to vote upon an issue of bonds was thereafter held in the reorganized district and it appears that more than three-fifths of all ballots cast were in favor of issuing bonds for the construction and equipping of a school building. Before the bonds were issued Robert G. Keiner, a taxpayer and a resident of District No. 40, commenced an action against the county board

and a separate action against the school board of District No. 40. These actions were commenced to determine the legality of the reorganization proceedings and to enjoin the issuance of bonds. Thereafter plaintiff Keiner filed a notice of appeal to the Circuit Court from the decision of the school board of District No. 40 made on July 1, 1967, to proceed with the issuance of the bonds in accordance with the result of the election. There is no challenge to the issuance of the bonds other than the validity of the reorganization proceedings.

After consolidation and trial of the appeals from decisions of the county board and the actions commenced in the Circuit Court, the trial court made findings as to jurisdictional facts and conclusions of law and entered judgment dismissing the appeals and the actions. The trial court among other facts found:

"The Court finds * * * that at said meeting (January 17, 1967) the County Board of Education recalled and rescinded the resolution of August 11, 1966, and resolved to create Ola Common School District No. 40 by combining former Ola District No. 15 and former Ola District No. 32; * * * that the County Superintendent of Schools of Brule County, South Dakota, on March 31, 1967, executed his order creating Ola Common School District No. 40 and at that time and thereafter served copies of that order as required by law; that at or about that time election of officers was held, and the officers elected qualified thereafter; that the new District of Ola No. 40 has functioned thereafter and is now functioning; * * * that the Court specifically finds that copies of the order, dated March 31, 1967, were personally served and delivered to the chairmen of the districts reorganized and upon the County Auditor of Brule County, South Dakota within two weeks of the date of said order. * * * that no notices or orders were mailed nor served upon the chairmen of the districts involved until after March 31, 1967, nor was there an order entered by the County Superintendent creating a reorganized district prior to March 31, 1967. * * *.

that no appeal was taken from the action of the County
Board of Education on the 17th day of January, 1967,
nor from the order and notice of the County Superin-
tendent dated March 31, 1967, and that the time for tak-
ing such appeal has long since exceeded 90 days."

The appeal herein involves the question whether the evi-
dence sustains the findings of fact that no county superintendent's
order issued creating a reorganized district prior to March 31,
1967, and that the board found the reorganization feasible. Ap-
pellant contends that the only proceeding to organize School
District No. 40 was the resolution of the county board dated
August 11, 1966, and although the proceeding was defective, it
was completed to the extent that a de facto district was created,
which included Districts Nos. 15, 32 and 33 and that the county
board was without jurisdiction to organize another district com-
prising Districts Nos. 15 and 32 without first dissolving the re-
organized district which was purportedly created by consoli-
dation of the three districts. This contention we cannot sustain.

■ ■ With peculiar relevancy to the matter here pre-
sented is Dunker v. Brown County Board of Education, 80 S.D.
193, 121 N.W.2d 10, which involved the construction of SDC
1960 Supp. 15.2015. This court therein said: "A literal interpreta-
tion of the provision concerning such order suggests that it does
not issue in this kind of reorganization because the 'electors of
each district' voting on the plan did not approve the reorganiza-
tion. However, it can also be read to mean that the order is-
sues if the 'electors of each district' in the area declared by
the Board to be a feasible district approved the plan. We think
the latter view was intended by the legislature. If it were other-
wise there would be no statutory declaration as to the point of
time when the new district became 'an existing school district'.
Nor would there be any provision for notifying those concerned
officially with the new district or the districts being eliminated,
of the changes made. These features are as essential when
the district is created by the Board's determination of feasibility
as when it comes about by a vote of the electors. The time
when the reorganization takes effect and· the new district be-

comes operative under SDC 1960 Supp. 15.2005(6) is the same whether the final approval action was 'by the county board of education or the electors'. Consequently, we hold that the legislature intended a county superintendent's order to issue in this type of reorganization, and that after its issuance the area is an existing school district which can be done away with only in the manner provided by law." This construction is applicable to the amendments of section 15.2015 (Chapters 69 and 72, Laws 1963) in effect when the reorganization proceedings herein were commenced.

■ ■   As has been heretofore set forth the minutes of the county board of August 11, 1966, show adoption of a resolution that the three districts be combined. Although the records and minutes of the county board show a lack of definiteness and clarity, they are sufficient to show the board's intention to consolidate Districts 15 and 32 and to attach thereto District No. 33. The creation of new districts, the combining or attaching of a district to another district and the changing of school district boundaries are administrative functions addressed within prescribed limitations to the discretion of the county board of education. The original resolution of August 11, 1966, was in our opinion subject to reconsideration and rescission by the county board until action had been taken to establish the entity of the proposed district. 78 C.J.S. Schools and School Districts § 44; Hazelton-Moffit Special School Dist. No. 6 v. Ward, N.D., 107 N.W.2d 636; State ex rel. Owen v. Carroll County Board of Education, 129 Ohio St. 262, 194 N.E. 867; Jayton Rural High School Dist. v. Girard Ind. School Dist., 157 Tex. 115, 301 S.W.2d 80. The county board at meetings on August 18th and September 20, 1966, considered objection to the attachment of District No. 33 and the minutes of such meetings indicate an intention not to rescind or modify the original resolution.

■   The notice of attachment served on the chairman of the school board of District No. 33 was not a county superintendent's "order creating" the legal entity of District No. 40 within the meaning of section 15.2015 as amended. Dunker v. Brown County Board of Education, supra.

■ The county board finally concluding that it was without authority to attach District No. 33 proceeded to correct its original resolution. It did not by its action of January 17, 1967, purport to return the three districts to their original status. The board rescinded its action attaching District No. 33. Section 15.2015 as amended expressly confers powers upon a county board to create a school district composed of districts in which a majority of the votes cast were in favor of a proposed district if in the opinion of the board the total resources, territory and population make feasible a school district. It must reasonably follow that the board considered these conditions when it ratified and confirmed its original resolution to consolidate Districts Nos. 15 and 32.

■■ It is settled law that the unlawful acts or acts beyond the scope of the powers of public officers may be enjoined and collaterally attacked where there is no other adequate remedy available on the complaint of one whose rights will be irreparably injured. Camp Crook Independent School Dist. No. 1 v. Shevling, 65 S.D. 14, 270 N.W. 518; Isaacson v. Parker, 42 S.D. 562, 176 N.W. 653; Thies v. Renner, 78 S.D. 617, 106 N.W.2d 253. SDC 1960 Supp. 15.20 and amendments thereto provided the basis for what was done by the county board and the county superintendent with reference to the reorganization of the school districts involved and the actions taken were not wholly void and subject to collateral attack.

■ The appeal by District No. 33 from the decision of the county board made on August 11, 1966, did not inure to the benefit of appellant who did not exercise such right. It is too evident for serious doubt that the trial court was correct in ruling that appellant having failed to appeal from decisions of the county board reorganizing Districts Nos. 15 and 32 could not attack the same by appealing from a decision of the school board of District No. 40 made on July 1, 1967, or by injunctive and collateral actions in the Circuit Court.

Judgment affirmed.

All the Judges concur.