STENE et al., Appellants

v.

SCHOOL BOARD OF BERESFORD IND. SCHOOL DIST., NO. 68 of UNION COUNTY, Respondent

(206 N.W.2d 69)

(File Nos. 11174, 11175. Opinion filed April 2, 1973)

Order denying petition for rehearing May 3, 1973

Charles Lacey, Sioux Falls, for appellants.

John E. Simko, of Woods, Fuller, Shultz & Smith, Sioux Falls, for respondent.

Thomas E. Simmons, of Bangs, McCullen, Butler, Foye & Simmons, Rapid City, for amicus curiae Associated School Boards of South Dakota.

WINANS, Justice (On Reassignment).

The respondent school board passed two similar resolutions dated March 1, 1972 and March 13, 1972, respectively, declaring

a surplus to exist in the district's general fund. Each resolution authorized the transfer of $100,000 from the general fund to the capital outlay fund. The appellant taxpayers appealed from the dismissal of their appeals by the circuit court. Appellants contend that such transfers violate Art. XI, § 8 of our Constitution which reads in part:

> "No tax shall be levied except in pursuance of a law, which shall distinctly state the object of the same, to which the tax only shall be applied, * * *"

The transfers were made pursuant to SDCL 13-16-26 as amended, which reads as follows:

> "All or any part of a surplus of any school district fund, except the capital outlay fund provided by SDCL 13-16-6 to 13-16-9, inclusive, and the special education fund provided by SDCL 13-37-16 may be transferred to any other school district fund."

From statehood to the present time this court has consistently applied Art. XI, § 8 to local property tax levies. Aldrich v. Collins, 3 S.D. 154, 52 N.W. 854; Howard v. City of Huron, 6 S.D. 180, 60 N.W. 803; Western Town-Lot Co. v. Lane, 7 S.D. 1, 62 N.W. 982, rehearing 7 S.D. 599, 65 N.W. 17; State ex rel. City of Huron v. Campbell, 7 S.D. 568, 64 N.W. 1125; City of Centerville v. Turner County, 25 S.D. 300, 126 N.W. 605; Hughes v. Board of Commissioners, 25 S.D. 480, 127 N.W. 613; Lasell v. Yankton County, 67 S.D. 507, 295 N.W. 283; In Re Opinion of the Judges, 59 S.D. 469, 240 N.W. 600; State ex rel. Widdoss v. Esmay, 72 S.D. 270, 33 N.W.2d 280.

Our application of Art. XI, § 8, was followed by the Supreme Court of Wyoming in School Dist. No. 2 v. Jackson-Wilson High School Dist., 1935, 49 Wyo. 115, 52 P.2d 673 at 677:

> "So In re Opinion of the Judges, 59 S.D. 469, 240 N.W. 600, 601, the court said: 'Secondly, and with particular reference to the possibility of employing moneys (either state or county) now on hand or to

accrue under present levies, for the furnishing of feed or making of feed loans, article 11, § 8, Constitution of the state, provides: "No tax shall be levied except in pursuance of a law, which shall distinctly state the object of the same, to which the tax only shall be applied." Under this section we are of the opinion that moneys now on hand (or hereafter to be received) as the result of payment of taxes * * * already levied, and the proceeds of which have already been appropriated, must be applied to the purposes for which they were levied * * * and we think the same could not now be diverted, even by legislative action, to any other purpose.'

The court cites White Eagle Oil & Refining Co. v. Gunderson, 48 S.D. 608, 205 N.W. 614, 43 A.L.R. 397, which holds to the same rule, citing many cases. There are some cases which are seemingly in conflict with the cases cited, holding that the constitutional provisions heretofore quoted relate only to taxes levied for general state purposes. 61 C.J. 98. But the conflict, we think, is more apparent than real. In some of the states, as in New York, the Constitution differs from ours. And the holding of Stinson v. Thorson, 34 N.D. 372, 385, 158 N.W. 351, that the North Dakota Constitution, reading exactly like ours, differs from the Kansas Constitution, is clearly wrong. The statement in Sheldon v. Purdy, supra [17 Wash. 135, 49 P. 228], stating that courts hold to the rule that a fund, raised by taxation for one purpose, cannot be diverted to another even without reference to the constitution, is borne out by 56 C.J. 752; 61 C.J. 751, and subsequent pages; and see Burbank Irr. Dist. v. Douglass, 143 Wash. 385, 255 P. 360, 259 P. 881, and cases cited. The funds so raised are held to be trust funds, and that it is inequitable to divert them to a different purpose. Hence it is clear that money raised by the plaintiff district at its annual school meeting for certain purposes, and other taxes raised under the law for specific purposes, cannot be diverted, unless the purpose is fully satisfied and a surplus remains. There can be no justice or equity in taking from a district money raised by them through taxation,

intended by them, or by the law, to be applied to certain specific ends, and divert the proceeds to a different purpose, thereby depriving the district of meeting needs perhaps far greater than sending pupils to a high school in another district. But school districts have money not raised by taxation. That is true particularly with money distributed to them by the state, and it has been held that such money may be devoted by the Legislature to such school purposes as it deems proper."

■ It appears from the records before us that there was in the general fund approximately $221,000 received from sources other than local property tax levies. As to these funds, Art. XI, § 8 of the Constitution has no application.

In *School District No. 58 v. School District No. 56*, 1934, 169 Okl. 613, 38 P.2d 919, the Oklahoma court held:

"From the record in this case, it appears that the appropriation for transfer fees in the sum of $535 was made in contemplation of available funds from 'surplus revenue from previous year' and

'Estimated income—from sources other than tax levy.' There is no indication that the appropriation for transfer fees during the fiscal year 1927-1928 was based upon funds derived from a tax levy during the preceding year for some other purpose, and, in fact, the contrary definitely appears from the defendant district's financial statement in the record. Article 10, § 19, Oklahoma Constitution, has no application to funds derived from sources other than tax levy."

■ The transfers made by the school board were less than the amount derived from nontax sources. The trial court found that a surplus did exist in the general fund on the dates of the school board's resolutions transferring the surplus from the general fund to the capital outlay fund. This finding of the court is supported by the record.

■ Nowhere in the record does it appear that the proceeds transferred by the respondent school district were proceeds which were raised by taxes from local tax levies, as distinguished from proceeds which came from "other sources", as defined in SDCL 13-16-1. We conclude, therefore, that the transfers were not contrary to any constitutional prohibition.

Appellants contend further that a surplus did not exist in the general fund when the transfers were made. On this feature the finding of the court was to the contrary. The evidence was that at the end of the 1972 fiscal year there would be a balance in the fund of $416,000, after payment of all operational costs for the year. Appellants do not appear to question this but claim that it resulted from excessive tax levies made by the school board for that and several preceding fiscal years. Their argument is that such excessive levies were illegal rendering the claimed surplus not a legal surplus.

The school board in a special meeting held on August 31, 1971, approved the district budget for its general, capital outlay and special education funds for the 1972 fiscal year and adopted a levy in dollars sufficient to meet them.

■ The approval of the budgets and the adoption of the accompanying levies were decisions of the school board from which appellants could have appealed. This they failed to do. SDCL 13-46-1 provides for appeals from a decision by a school board within 90 days after the rendering of such decision. This section provides the only means by which they could secure judicial review of their contention that the levies were excessive. Olson v. Pulaski Common School District, 77 S.D. 416, 92 N.W.2d 678; Thies v. Renner, 78 S.D. 617, 106 N.W.2d 253. The fact that their appeals were timely taken from the board's transfer decisions does not afford them another opportunity to challenge the levy decisions. Keiner v. Brule County Board of Education, 84 S.D. 50, 166 N.W.2d 833. Consequently in this proceeding we do not reach their claim of excessive levies.

Affirmed.

HANSON and WOLLMAN, JJ., concur.

RENTTO, Associate Judge, sitting for BIEGELMEIER, C. J., concurs specially.

DOYLE, J., not participating.

RENTTO, Associate Judge* (concurring specially).

These appeals were submitted without oral argument and assigned to me. Because the opinion which I prepared did not gain the support of my colleagues, the matters were reassigned resulting in the majority opinion. While my rejected opinion affirmed the judgments appealed from, as does the majority, they arrived at that result by different routes. Accordingly, I am filing my opinion herein.

The respondent school board on March 1, 1972 enacted a resolution determining that there was a surplus in the general fund of its school district and authorized the treasurer to transfer $100,000.00 thereof to its capital outlay fund. It also determined that a further sum, in an amount to be later determined by the board, be subsequently similarly transferred. Its resolution of March 13, 1972 effectuated this by directing the transfer of an additional $100,000.00. The appellant taxpayers' appeals from those decisions to the circuit court were dismissed. From that action they prosecute these appeals which present common questions.

The transfers were made pursuant to SDCL 13-16-26. That section provides:

> "All or any part of a surplus of any school district fund, except the capital outlay fund provided by SDCL 13-16-6 to 13-16-9, inclusive, and the special education fund provided by SDCL 13-37-16 may be transferred to any other school district fund."

School district general funds are provided to meet the operational costs of a district and redeem warrants outstanding against such

---

* Retired Supreme Court Judge acting by appointment pursuant to SDCL 16-8-13.

fund. SDCL 13-16-3. Its capital outlay funds are to meet those expenditures which result in the acquisition of fixed assets or additions thereto. SDCL 13-16-6. After these transfers the board initiated proceedings to provide a new school building with capital outlay funds. This litigation stems from that action.

A school district budget contains four funds—general, capital outlay, bond redemption and special education. Its fiscal year begins July first and ends June thirtieth. SDCL 13-26-1. The proposed budget for the next fiscal year is considered by the board at its regular meeting in May. Before September first it approves a budget for the anticipated obligations of each fund for the school fiscal year. By resolution it adopts a levy in dollars sufficient to meet the budget for all funds. SDCL 13-11-2. This is reported to the county auditor before September first. That officer spreads a levy in mills over the taxable properties in the district sufficient to raise the money requested, subject to legal mill limitations. SDCL 13-11-3.

Appellants contend that these transfers from the general fund to the capital outlay fund amount to using the proceeds of a tax for a purpose other than for which it was levied contrary to Art. XI, § 8 of our constitution. That section provides that "No tax shall be levied except in pursuance of a law, which shall distinctly state the object of the same, to which the tax only shall be applied, * * *" In support of the transfers it is argued that this provision does not apply to taxes levied by a school board.

Similar provisions appear in the constitutions of other states. In 84 C.J.S. Taxation § 18 it is written that:

> "It has been held, however, that these provisions apply only to the ordinary and general taxes for state purposes, and such as are imposed generally on all the taxable property in the state, and not to local taxes for local purposes, * * *"

To the same effect see Cooley-Law of Taxation, 4th Ed. § 500. These authorities cite Miller v. Henry, 62 Or. 4, 124 P. 197, 41 L.R.A.,N.S., 97; Jones v. Chamberlain, 109 N.Y. 100, 16 N.E. 72; In re McPherson, 104 N.Y. 306, 10 N.E. 685, 58 Am.Rep.

502; Mason v. Purdy, 11 Wash. 591, 40 P. 130; Berkshire Fine Spinning Associates, Inc. v. City of New York, 5 N.Y.2d 347, 184 N.Y.S.2d 623, 157 N.E.2d 614, in support of the text statements. Several of our cases have referred to this section of our constitution without any mention of whether its application was in anywise limited. The question here presented apparently was not previously urged or decided.

In some of these the court seems to have assumed, without comment, that Art. XI, § 8 applied to city and county funds. See City of Centerville v. Turner County, 25 S.D. 300, 126 N.W. 605; Hughes v. Board of Commissioners of Lawrence County, 25 S.D. 480, 127 N.W. 613; and Lasell v. Yankton County, 67 S.D. 507, 295 N.W. 283. However, in In re McKennan's Estate, 25 S.D. 369, 126 N.W. 611, the court intimates that it applies only to taxes imposed generally upon the entire property of the state. This opinion cites with approval In re McPherson, the New York case above referred to. In Widdoss v. Esmay, 72 S.D. 270, 33 N.W.2d 280, the court held that Art. XI, § 8 did not prevent the transfer of county funds.

In White Eagle Oil & Refining Co. v. Gunderson, 48 S.D. 608, 205 N.W. 614, and State ex rel. Parker v. Youngquist, 69 S.D. 423, 11 N.W.2d 84, the court, again without discussion of its reach, applied it to taxes levied by the legislature. Since these cases are concerned with general taxes for state purposes we do not regard them as supporting the view that the provision applies to local taxes. In considering what the judges of this court said in In Re Opinion of the Judges, 59 S.D. 469, 240 N.W. 600, "it must be borne in mind that advisory opinions are not judicial decisions and are not binding upon the court as precedent." Torigian v. Saunders, 77 S.D. 610, 97 N.W.2d 586. See also In re Opinion of the Judges, 34 S.D. 650, 147 N.W. 729.

Article XI of our constitution is entitled Revenue And Finance. The basic thrust of the entire article is legislative action. The standards prescribed by § 8 are directions to the legislature. The phrase "in pursuance of a law" as used therein we view as having reference only to an enactment of the legislature. It is our

conclusion that it has to do only with taxes imposed by law for general state purposes. Accordingly we hold that it does not apply to the transfer here in question.

Our neighboring state of North Dakota has long held and adhered to that view. Stinson v. Thorson, 34 N.D. 372, 158 N.W. 351; Hart v. Bye, N.D., 76 N.W.2d 139; and City of Bismarck v. Kleinschmidt, N.D., 145 N.W.2d 333. The Constitutions of Oklahoma, Art. 10, § 19, and Kentucky, Section 180, require not only that every enactment of their legislatures imposing a tax, but also that every similar ordinance and resolution passed by any subordinate political subdivision, shall specify distinctly the purpose for which such tax is levied, and no tax levied and collected for one purpose shall be diverted to another. Appellants want us to do by construction what these states have done by constitutional enactment. Wyoming and Kansas whose constitutional provisions are substantially similar to ours have been so construed by their courts. School District No. 2 v. Jackson-Wilson High School District, 49 Wyo. 115, 52 P.2d 673, State ex rel. Board of County Commissioners of Crawford County v. Crawford Township, 139 Kan. 553, 32 P.2d 809. We think such construction would read into our provision language which the people never intended.

Appellants, as additional support for their view that the transfer statute is unconstitutional, direct our attention to Art. X, § 2 of our constitution. It is there written that:

> "Except as otherwise provided in this Constitution, no tax or assessment shall be levied or collected, or debts contracted by municipal corporations, except in pursuance of law, for public purposes specified by law; nor shall money raised by taxation, loan or assessment, for one purpose ever be diverted to any other."

Their briefs cite a number of our cases that mention this section. They are inapplicable here because that section is limited to municipal corporations. It is manifest from the general tenor of the article that school districts are not within its coverage. Also see Egan Consolidated School District v. Minnehaha County, 65

S.D. 32, 270 N.W. 527. At this juncture we think it should be observed that if the prohibitions of Art. XI, § 8 were as broad in their application as appellants claim, the inclusion of the restriction on the diversion of money raised by taxation, in the last phrase of Art. X, § 2, was unnecessary.

It is also urged by appellants that a surplus did not exist in the general fund when the transfers were made. On this feature the finding of the court was to the contrary. The evidence was that at the end of the 1972 fiscal year there would be a balance in the fund of $416,000.00, after payment of all operational costs for the year. Appellants do not appear to question this but claim that it resulted from excessive tax levies made by the school board for that and several preceding fiscal years. Their argument is that such excessive levies were illegal rendering the claimed surplus not a legal surplus.

The school board in a special meeting held on August 31, 1971 approved the district budget for its general, capital outlay and special education funds for the 1972 fiscal year and adopted a levy in dollars sufficient to meet them. In that same meeting it made arrangements for a bond election to provide $380,000.00 for its capital outlay fund for the purpose of building construction and improvement. Apparently this proposal was defeated at the election which the board set for October 12, 1971.

The approval of the budgets and the adoption of the accompanying levies were decisions of the school board from which appellants could have appealed. This they failed to do. SDCL 13-46-1 provides:

> "From a decision made by a county superintendent, by any school board, or by a special committee created under any provision of the school law relative to a school or school district matter or in respect to any act or proceeding in which such officer, board, or committee purports or assumes to act, an appeal may be taken to the circuit court by any person aggrieved, or by any party to the proceedings, or by any school district interested, within ninety days after the rendering of such

decision. Provided, however, that all legal actions relative to bond issues must be started within ten days."

This section provides the only means by which they could secure judicial review of their contention that the levies were excessive. Olson v. Pulaski Common School District, 77 S.D. 416, 92 N.W.2d 678, Thies v. Renner, 78 S.D. 617, 106 N.W.2d 253. The fact that their appeals were timely taken from the board's transfer decisions does not afford them another opportunity to challenge the levy decisions. Keiner v. Brule County Board of Education, 84 S.D. 50, 166 N.W.2d 833. Consequently in this proceeding we do not reach their claim of excessive levies.