## In re WILKEN.

Where defendant's term of imprisonment expired prior to his appeal from an order, on habeas corpus, remanding him to custody, his appeal will be dismissed, as it would be entirely useless to determine the abstract questions of law presented as reasons for a reversal of the order remanding him to custody.

(Opinion filed, April 9, 1908.)

Appeal from Circuit Court, Turner County. Hon. E. G. SMITH, Judge.

Habeas corpus by Gustave Wilken. From an order remanding the prisoner to custody, he appeals. Appeal dismissed.

*Edwin Lewis Brown* (*Gaffy* & *Stephens*, of counsel), for appellant. *L. L. Fleeger*, for respondent.

FULLER, J. On the 19th day of January, 1907, appellant was charged before a justice of the peace with the violation of a statutory provision making it a misdemeanor to sell diseased swine, and upon a verdict of guilty returned at the trial he was adjudged to pay a fine of $50 or undergo a penalty of 25 days' imprisonment in the county jail in the event that such fine was not paid. In default of payment and pursuant to the judgment he was imprisoned, as directed by the commitment, until discharged on the 12th day of February, 1907, by due course of law and at the expiration of his sentence. While so confined in the county jail he obtained a writ of habeas corpus from Julge E. G. Smith, who at the hearing on the 29th day of January, 1907, entered an order remanding the prisoner to the custody of the sheriff, and on this appeal, taken on the 25th day of March following, we are urged to review the action of the circuit court in denying the application to vacate and set aside such order.

The order remanding the prisoner was duly executed by the sheriff, and his term of imprisonment expired on the 12th day of February, nearly six weeks prior to the time of taking this appeal. The writ of habeas corpus is an extraordinary remedy, to be invoked only on behalf of persons actually restrained of their liberty, and it affirmatively appears from the record that appellant has no present grievance necessitating the exercise of appellate jurisdiction. It would be entirely useless to determine the abstract questions of law presented as reasons for a reversal of the order remanding the prisoner, and the motion urged by opposing counsel for a dismissal of the appeal is sustained.