CRALLE, Appellant, v. AMERICAN-NEWS COMPANY, Respondent.

(212 N. W. 913.)

(File No. 6201. Opinion filed April 1, 1927.)

1. **Municipal Corporations—Taxpayer's Complaint, Seeking Recovery of City's Money Paid on Illegal Contract, Held to State No Cause of Action (Rev. Code 1919, § 6163).**

    Complaint, based on Rev. Code 1919 § 6163, to recover money paid by city, whose commissioner was officer and stockholder in company paid for publishing city notices, held on demurrer not to state cause of action by plaintiff taxpayer.

2. **Municipal Corporations—Parties—City Can Sue to Recover Money Paid on Illegal Contract Only Through Constituted Officers.**

    City can maintain action to recover money paid on alleged illegal contract only through properly constituted authorities, and demurrer to complaint in such action by taxpayer, asking recovery for city, was properly sustained.

    Polley, J., dissenting.

Note.—See, Headnote (1), American Key-Numbered Digest, Municipal corporations, Key-No. 999, 28 Cyc. 1743 (Anno); (2) Municipal corporations, Key-No. 1026, 28 Cyc. 1761.

Appeal from Circuit Court, Brown County; HON. ROBERT D. GARDNER, Judge.

Action by Alonzo F. Cralle, a taxpayer, on behalf of the City of Aberdeen, against the American-News Company. From an order sustaining a demurrer to the complaint, plaintiff appeals. Affirmed.

*Thos. L. Arnold,* of Aberdeen, for Appellant.
*McNulty, Williamson & Smith,* of Aberdeen, for Respondent.

BURCH, J. This is an appeal from an order sustaining a demurrer to the complaint.

The complaint alleges that the city of Aberdeen is a municipal corporation of Brown county, S. Dak., under the commission form of government; that the plaintiff, Alonzo F. Cralle, is a citizen, resident, and taxpayer of said city, and as such is specially and personally interested in the results of this suit and brings this action for and on behalf of the city of Aberdeen; that one Bickelhaupt is and was a qualified and acting commissioner of said city; that the defendant, American-News Company, is and was a corporation organized under the laws of South Dakota, engaged in printing and publishing a daily newspaper in the city of Aberdeen; that the said Bickelhaupt is and was a stockholder, director, and managing officer of the defendant company; that from the 1st of January, 1924, to the 1st of October, 1925, the city of Aberdeen through its board of city commissioners, of which Bickelhaupt was one, entered into numerous and divers contracts with defendant corporation for the publication of notices, advertisements, and other printing, as a result of which the said defendant corporation has received from the city of Aberdeen $3,183.38; that the said contracts, pursuant to which the money was paid, were, under the statutes of South Dakota, null and void and against public policy, and said money so paid is the rightful property of the city of Aberdeen; that a due and proper request has heretofore been made upon the board of city commissioners to institute legal proceedings for the purpose of collecting for the benefit of the city the said sum of money from the defendant herein, but that said commis-

sioners have wholly failed, neglected, and refused to do so; that by reason of the premises herein complained of, the defendant has become justly indebted to this plaintiff and the city of Aberdeen in the sum of $3,183.38, no part of which has been paid, although duly demanded.

To this defendant demurred upon three grounds: First, that the plaintiff has not legal capacity to sue; second, that there is a defect of parties plaintiff; third, that the complaint does not state facts sufficient to constitute a cause of action in favor of plaintiff and against the defendant.

[1]  This action is novel in that there is some difficulty in determining who is intended as the party plaintiff.  If Cralle is intended as the party plaintiff (and he so styles himself in one paragraph of the complaint), he fails to plead any cause of action in his favor and does not ask relief for himself.  If any cause of action is pleaded, it is one in favor of the city of Aberdeen, and the relief sought is a return of money to the city.  The city appears to be the real party in interest, and the most that can be said of Cralle's appearance and interest, is that he, as a taxpayer, is interested in the city and its finances and wants to see the city protect its rights, and, because its officers fail to bring the city into court, he brings it in.  The suit is against the defendant to recover money claimed to belong to the city.  Cralle, as an individual, or as one of a class of individuals, has no direct property interest in the money sought to be recovered.  If it can be recovered, it must be by the municipal corporation as the rightful owner of the money.  A taxpayer has no right to it.  No taxpayer's right is involved.  And no taxpayer is asking for relief.  The prayer of Cralle's complaint asks relief for the city, and no one else. Section 6163 (Rev. Code 1919) provides:

"Any citizen and taxpayer residing within any municipality may maintain an action or proceeding to prevent, by injunction, mandamus, prohibition, certiorari or other proper remedy, any violation of any provision of this part."

Such suits protect taxpayers' rights (such as the right to have officers act lawfully and to refrain from acting unlawfully), and the remedies provided may be granted to the taxpayer as such, and not to the corporation.  As a suit by Cralle as plaintiff no cause of action is stated.

[2] If we treat the action as one by the corporation as a party plaintiff, then it cannot be sustained, because the corporation can act only through its constituted officers and has not capacity to sue in the manner here attempted. In Ward v. Petrie, 157 N. Y. 301, 51 N. E. 1002, 68 Am. St. Rep. 790, construing the meaning of the words "capacity to sue," it was said:

"There is a difference between capacity to sue, which is the right to come into court, and a cause of action, which is the right to relief in court."

In the case at bar, Cralle, as plaintiff, has no right to relief in court; the city, as plaintiff, has no right to come into court without being represented by its authorized officers.

It follows that, in any view of the case, the trial court was right in sustaining the demurrer to the complaint, and its order is therefore affirmed.

CAMPBELL, P. J., not sitting.

GATES and SHERWOOD, JJ., concur.

POLLEY, J., dissents.