HANSEN, et al, Appellants, v. GREGORY COUNTY, et al, Respondents.

(256 N. W. 797.)

(File No. 7730. Opinion filed October 31, 1934.)

W. J. Hooper, of Gregory, for Appellants.

Edward Prchal, State's Attorney, and Charles A. Davis, both of Burke, for Respondents.

PER CURIAM. On December 29, 1933, the board of county commissioners of Gregory county entered into contracts with Henry Carlson Company, Herman Lemker, and Kelley Plumbing & Heating Company for the erection of a courthouse, the county to pay therefor the sum of $54,338. On January 4, 1934, the plaintiffs above named, as electors and taxpayers of Gregory county, instituted the present action in circuit court, seeking to enjoin the construction of the building and the expenditure of the county money therefor. The named defendants are the contractors above mentioned, the county, the county commissioners, county auditor, and county treasurer. Service was not had upon any of the contractors (though all of them reside in South Dakota), so the only parties brought before the court were the county and the county officers. The matter came on for trial in the circuit court, where findings of fact and conclusions of law were in favor of defendants. Judgment was entered on March 5, 1934, vacating a temporary restraining order previously entered, denying the injunctive relief sought by plaintiffs, and dismissing the complaint upon the merits. Plaintiffs did not give immediate notice of appeal or seek the fixing of a supersedeas under section 3160, R. C. 1919, but somewhat later (June 23, 1934) did appeal by serving and filing notice of appeal and undertaking for costs in the amount of $250.

Respondents have now moved in this court pursuant to order to show cause for the dismissal of the appeal. It appears from the affidavits of respondents that after the circuit court judgment of March 5, the contractors proceeded with the work of constructing the courthouse, and that the same has now been entirely completed, accepted by the county, and paid for. This fact showing is not controverted by appellants who are in default and have made no return to the order to show cause. Under these circumstances,

we think the appeal has become moot and should be dismissed. In re Wilken (1908) 22 S. D. 135, 115 N. W. 1075; Chicago, M. & St. P. Ry. Co. v. Commissioners (1912) 28 S. D. 471, 134 N. W. 46; Holter v. Wagoner (1913) 32 S. D. 137, 142 N. W. 175; Dickson v. Lord (1931) 58 S. D. 643, 238 N. W. 21. An order of dismissal will be entered accordingly.

All the Judges concur.