DALE, Respondent v. SCHOOL DISTRICT No. 9 of BENNETT COUNTY, S. D., et al, Defendants, WESTERN SURETY CO., Appellant

(283 N. W. 158.)

(File No. 8177. Opinion filed December 30, 1938.)

*Tom Kirby,* of Sioux Falls, for Appellant.
*W. J. Hooper,* of Gregory, for Respondent.

ROBERTS, P. J. Plaintiff alleging that he is a resident, elector and taxpayer of school district No. 9, Bennett County, South Dakota, commenced this action on behalf of himself and all other taxpayers of the district against O. J. Taft and the surety on his official bond for funds wrongfully expended or for which

there was a failure to account. The school district is a party defendant.

The facts alleged in the complaint are to the effect that defendant Taft ceasing to be a resident of this State in August, 1936, vacated the office of treasurer of the district; that funds belonging to the district were expended by him during his term of office without warrants of the school board directing payment and for illegal purposes; that the former treasurer has failed, neglected and refused to render an account of funds which came into his possession or to make settlement with the district; and that before the commencement of this action plaintiff made demand upon the board of the district that it begin an action against the former treasurer and the surety on his bond to recover the amount of money due and owing the district, but the board has refused and neglected to institute legal proceedings. Demurrer was interposed by the defendant surety company to the complaint. The demurrer was overruled and this appeal was taken from the order to that effect.

 It is insisted that the demurrer should have been sustained for the reason that a taxpayer may not on behalf of himself and all other taxpayers of a school district maintain an action to redress the grievance complained of. The right of a resident and taxpayer of a school district or other governmental subdivision to resort to equity to restrain a public officer from the performance of an illegal act is well settled in this State. Graves v. Jasper School Township, 2 S. D. 414, 50 N. W. 904; Weatherer v. Herron, 25 S. D. 208, 126 N. W. 244; White Eagle Oil & Refining Co. v. Gunderson, 48 S. D. 608, 205 N. W. 614, 43 A. L. R. 397. The right is conferred by statute upon a citizen and taxpayer within any municipality to maintain an action for the purpose of restraining violation of any provision of the statutes relating to municipal corporations. § 6163, Rev. Code 1919; Haines v. Rapid City, 59 S. D. 58, 238 N. W. 145. But plaintiff only seeks relief upon the ground that he in behalf of himself and all other taxpayers is entitled to recover funds into the district treasury unlawfully withheld or expended and does not seek preventative relief. By the weight of authority a taxpayer under proper circumstances may maintian an action in behalf of himself and other taxpayers to recover into the public treasury funds wrongfully ex-

pended or misapplied. Milquet v. Van Straten, 186 Wis. 303, 202 N. W. 670; Osburn v. Stone, 170 Cal. 480, 150 P. 367; Cathers v. Moores, 78 Neb. 13, 110 N. W. 689, 14 L. R. A., N. S., 298; Id. 78 Neb. 17, 113 N. W. 119, 14 L. R. A., N. S., 302; Russell v. Tate, 52 Ark. 541, 13 S. W. 130, 7 L. R. A. 180, 20 Am. St. Rep. 193; Burns v. Essling, 163 Minn. 57, 203 N. W. 605; Miller v. Jackson Twp., 178 Ind. 503, 99 N. E. 102; Independent School Dist. v. Collins, 15 Idaho 535, 98 P. 857, 128 Am. St. Rep. 76; 44 C. J. 1383; 6 McQuillen Municipal Corporations, 2d Ed., § 2747. In Osburn v. Stone, supra, the Supreme Court of California, referring to this character of action, said: "It seems quite plain that the necessity of a municipality, whose affairs are in the hands of hostile trustees or councilmen, to recover for illegal expenditures, through the medium of such an action, is quite as great and as imperative as it is in the case of private corporations, and as a stockholder of the latter would have on behalf of his corporation, upon the refusal of its directors to act, the right to maintain such an action, so we think should a taxpayer in the case of a municipality be accorded the same right and power."

Appellant relies upon the case of Cralle v. American-News Co., 51 S. D. 176, 212 N. W. 913. That action was brought against the defendant corporation to recover money alleged to have been illegally paid for publishing notices for the city of Aberdeen. Plaintiff alleged that he was a citizen, resident and taxpayer of the city of Aberdeen and as such was specially and personally interested in the results of the suit and brought the action for and on behalf of the city. This court said: "This action is novel in that there is some difficulty in determining who is intended as the party plaintiff. If Cralle is intended as the party plaintiff (and he so styles himself in one paragraph of the complaint), he fails to plead any cause of action in his favor and does not ask relief for himself. If any cause of action is pleaded, it is one in favor of the city of Aberdeen, and the relief sought is a return of money to the city. The city appears to be the real party in interest, and the most that can be said of Cralle's appearance and interest, is that he, as a taxpayer, is interested in the city and its finances and wants to see the city protect its rights, and, because its officers fail to bring the city into court, he brings it in. The suit is against the defendant to recover money claimed to belong to the city.

Cralle, as an individual, or as one of a class of individuals, has no direct property interest in the money sought to be recovered. If it can be recovered, it must be by the municipal corporation as the rightful owner of the money. * * * If we treat the action as one by the corporation as a party plaintiff, then it cannot be sustained, because the corporation can act only through its constituted officers and has not capacity to sue in the manner here attempted." The complaint in that case seeking the recovery of money into the city treasury did not state a cause of action under section 6163, supra, authorizing preventative relief. Under this statute a plaintiff does not sue as a representative or on behalf of other taxpayers; a citizen and taxpayer as such is permitted to maintain an action or proceeding. See Haines v. Rapid City, supra. It was not possible to determine the exact ground upon which plaintiff based his right to maintain the action. There were allegations pointing to a theory that plaintiff was entitled to sue as a citizen and taxpayer though the illegal acts had been accomplished and the relief sought extended beyond the provisions of section 6163. It was not urged and this court did not consider whether or not an action for the recovery of money or other property of a municipal corporation could be maintained in the absence of statutory authorization as a class or representative action.

 It appears from the allegations of the complaint in the instant case that the school district has a cause of action for the recovery of school district funds which the school district itself could have maintained and that the district board has wrongfully failed or neglected after demand to act. Plaintiff acting not alone as an individual but as a representative of other taxpayers brings this action respecting a common right. Application of the majority holding, which we approve, to the facts alleged in the complaint leads to the conclusion that it states a cause of action. The relation of taxpayers to a municipal corporation or school district is analogous to that existing, as we have indicated, between the stockholders of a corporation and the corporate entity. Public funds under the control of the officers of the district belong beneficially to the taxpayers and if necessity demands taxpayers are entitled under the majority view to institute proceedings to protect the public interest.

Appellant further contends that the only remedy available to plaintiff is an appeal from the refusal of the school board to bring an action to enforce payment, relying upon the portion of section 81, chapter 138, Laws 1931, which reads, "An appeal as heretofore provided shall be the exclusive remedy of any person aggrieved by any such decision, unless otherwise specifically provided." This section relates to appeals from decisions "made by a County Superintendent, by any School Board, or by a special committee created under any provision of the school law relative to a school or school district matter or in respect to any act or proceeding in which such officer, board, or committee purports or assumes to act." The notice of appeal "must clearly and concisely state the decision or that part of the decision appealed from," and the clerk of the district board must transmit to the clerk of courts "a certified copy of the record of the decision appealed from and of the record of all proceedings had * * * and all original papers filed in his office" pertaining to the matter in controversy.

There is no allegation disclosing that the demand that action be brought by the district board was formally considered by the board. Whether we should presume that a formal determination was made by the board admits of doubt. Assuming that there was such a determination and a record thereof, yet, since this action is in equity (Ellefson v. Smith, 182 Wis. 398, 196 N. W. 834; People v. Holten, 287 Ill. 225, 122 N. E. 540; Russell v. Tate, supra), the right to pursue such remedy is not barred by the provisions of the section in question. Camp Crook Independent School Dist. v. Shevling, 65 S. D. 14, 270 N. W. 518. It follows that the trial court did not err in overruling the demurrer to the complaint.

The order appealed from is affirmed.

All the Judges concur.