NELSON et al., Appellants v. DEUEL COUNTY BOARD OF EDUCATION, Respondents

(128 N.W. 2d 554)

(File No. 10118. Opinion filed May 22, 1964)

**Gunderson & Gunderson,** Clear Lake, **Loucks, Oviatt & Bradshaw,** Watertown, for Plaintiffs and Appellants.

**Max Gruenwald,** Milbank, **James Law,** Clear Lake, for Defendants and Respondents.

HANSON, J. The Revillo schoolhouse was destroyed by fire early in 1963. This generated community interest in school reorganization. As a consequence, proceedings were had resulting in the creation of an enlarged school district surrounding the town of Revillo designated as the Grant-Deuel Independent School District No. 63. Respondents are the County Boards of Education which approved the creation of the new district on April 18, 1963. Appellants are affected resident electors and taxpayers asserting its invalidity.

The territory comprising the reorganized district includes the whole of some former school districts and parts of others. A part of Common School District No. 32 was excluded from the new district. A small portion of land in the excluded area abuts other excluded territory only at a common corner. This situation is the predicate for appellants' contention that the word "adjoining" used in the school reorganization law does not include within its purview a "cornering" of land. SDC 1960 Supp. 15.2005(4) provides that one of the requirements of school district reorganization is that "All proposed school districts shall consist of adjoining territory". Obviously, this restriction applies only to proposed new school districts. It has no application to excluded territory. Therefore it is unnecessary in this proceeding to consider the meaning and extensiveness of the term "adjoining territory."

Appellants' main contention is that the assessed valuation of an existing school district cannot be reduced below two hundred thousand dollars as the result of any plan of school dis-

trict reorganization. In this respect, District 63 was necessarily created out of territory formerly comprising the whole or parts of several existing school districts. Six common school districts were divided by the reorganization. All lost territory to the new district and all had their assessed valuations reduced below two hundred thousand dollars. Appellants contend the following limitation contained in SDC 1960 Supp. 15.2005 applies:

"Reorganization of school districts by either the electors or the county board of education must meet the following requirements:

\* \* \* \* \* \* \* \*

"(5) No proposed boundary change of a school district shall be approved by the county board of education which shall cause the assessed valuation of an existing school district to be reduced below two hundred thousand dollars; \* \* \* \* \* \* \*"

The term "reorganization" was defined in the 1955 school law to mean and include "the formation, consolidation, or subdivision of school districts or any alteration whatsoever of school district boundaries." Section I (1), Chapter 8 of Chapter 41, Laws of 1955. Section 20 of the same Act also provided a procedure for changes in school district boundaries. In Glenham Ind. Sch. Dist. No. 12 v. Walworth County Bd. of Ed., 78 S.D. 63, 98 N.W.2d 348, the procedure for changing school district boundaries under Section 20 was construed to be a method or type of school reorganization. See also Lafoon School Dist. No. 12 v. Faulk County Bd. of Ed., 79 S.D. 103, 108 N.W.2d 467. Following the Glenham decision the 1961 session of our legislature amended the definition of "reorganization" by deleting the words "or any alteration whatsoever of school district boundaries" (Ch. 69, Laws of 1961) and also amended Section 20 by allowing only minor boundary changes to be made thereunder (Ch. 73, Laws of 1961). Consequently, the limitations imposed on the procedure for making minor school district boundary changes, such as the restriction against reducing the assessed valuation of an existing district below two hundred thousand dollars, thereafter had no application to the type of school reorganization proceedings involved here.

 The object of school reorganization is to provide greater equalization of educational opportunities, more efficient and economical administration of public schools, and a more equitable distribution of public school revenues. SDC 1960 Supp. 15.2014. The process of reorganization inherently involves the creation of larger school units at the expense of smaller units. This was pointed out in Glenham Ind. Sch. Dist. No. 12 v. Walworth County Bd. of Ed., 78 S.D. 63, 98 N.W.2d 348, in which the court indicated the procedure relating to changes in school boundaries was the only method of school reorganization in which the legislature intended districts affected by transfer of territory to survive as operative units. Conversely, the survival of existing school districts involved in other types of school reorganization proceedings is not contemplated. School districts do not have a vested right to retain their existing status or territory. As creatures of the legislature they are subject to periodic change, alteration, or abolishment. Kinney v. County Board of School Trustees, 7 Ill.App.2d 286, 129 N.E.2d 292.

 When an existing school district is split or divided by reorganization, as in the present case, the disposition of the excluded area presents a perplexing question of procedure. In this regard, appellants contend the reorganization of District 63 is invalid in its entirety as the county boards of education failed to reorganize the fragmented areas remaining in the old districts in accordance with SDC 1960 Supp. 15.2021 which provides:

"The remaining portion of the territory of a school district which lost territory to other school districts due to reorganization shall be handled in the following manner:

\* \* \* \* \* \* \* \*

"(2) All or part of the territory which does not meet the requirements and limitations for reorganization shall immediately be reorganized by the county board of education as provided by law. Such reorganization shall be authorized so as to take effect at the same time as the reorganization which will cause such school district to lose territory."

The respondent county boards of education concede no action was taken in accordance with the above statute. They purposely refrained from doing so by reason of the following provision contained in SDC 1960 Supp. 15.2018:

"If, as a result of a reorganization election, a part of a school district becomes a part of some other school district and the remaining portion of such school district is not attached to some other school district, and if such remaining area must be combined to some other school district or districts as provided in this section, such action shall not be taken by the county board of education for one year following such vote for reorganization, unless a petition signed by over fifty per cent of the electors residing in such remaining area is presented to the county board of education requesting that a transfer be made."

Both provisions were enacted as part of Ch. 41, Laws of 1955. See Sections 21 and 24 thereof. Neither has been altered, amended or repealed. Although Section 15.2021(2) directs the immediate reorganization of excluded areas it fails to direct the manner in which this shall be done. Without speculating further as to the meaning or purpose of Section 15.2021 we are satisfied that failure to act thereunder did not vitiate the reorganization of District 63. The disposition of excluded territory was a separate and subsequent matter. In view of the apparently conflicting and contradictory statutes in this regard the county boards justifiably deferred taking action with reference to the excluded areas in the absence of a petition by the interested electors in accordance with Section 15.2018. We leave the harmonizing of these statutes if necessary to the legislature.

 As an appeal from a school board decision this matter was heard de novo in circuit court. SDC 1960 Supp. 15.2344. After determining the issues presented in a memorandum opinion the trial court entered an order dismissing the appeal. Appellants contend the trial court should have made findings and entered a judgment thereon. This, however, was not called to the trial court's attention by a request for findings, by a motion to vacate, or by any other apt motion. Findings of fact were not required or necessary as there were no factual

issues involved and the matter was heard on a stipulated record. Implicit in the trial court's order of dismissal is a conclusion affirming the decision appealed from. Because of the great public interest and urgency involved we have accordingly treated the order of dismissal as a judgment affirming the joint action of the county boards of education. To do otherwise would merely aggravate an intolerable situation involving the educational welfare of several hundred children. Emergency legislation was enacted to facilitate the organization of District 63. Ch. 104, Laws of 1963. The district has been duly organized and the electors have voted favorably on a bond issue to construct a new schoolhouse. This project should not be delayed further by a point of procedure not involving the merits of the controversy and in no wise prejudicial to the complaining parties.

Affirmed.

All the Judges concur.