ANDERSON, Respondent
v.
GRANT CO. BD. OF ED., Appellant

(203 N.W.2d 179)

(File No. 11007. Opinion filed January 4, 1973)

Gordon Gunderson of Gunderson & Gunderson, Clear Lake, Ross H. Oviatt of Loucks, Oviatt, Bradshaw & Green, Watertown, for respondent.

Leo P. Flynn, Milbank, J. Douglas Austin of Austin, Hinderaker & Hackett, Watertown, for appellant.

BIEGELMEIER, Presiding Justice.

Stockholm, a town of 116, and surrounding area formed Stockholm Common School District No. 1 of Grant County. Several elections failed to determine to which of three adjoining independent districts Stockholm should be attached. As a result,

the State Commission on Elementary and Secondary Education [1] conducted hearings and decided to attach part of the land to one district and the rest, including the land in controversy, to South Shore Independent District No. 38 of Codington County, over which the Codington County Board of Education had jurisdiction. While this met with hostility in the Village (as it is termed in some of the papers) of Stockholm, on rehearing the State Board affirmed its decision.

Undaunted, several petitions addressed to the Grant County Board were presented at its meeting of May 19, 1970; four of these petitions requested that the land in and around Stockholm be attached to and combined with Milbank Independent District No. 2 of Grant County, which was one of the adjoining districts. At that meeting the Grant Board adopted what is termed Resolution 14 which, by separate motions and votes, resolved to "honor" the Stockholm petition and "accept" the other petitions.

On June 10, 1970, the Chairman of the Grant County Board appeared at a meeting of the Codington County Board of Education with the petitions mentioned and a copy of the Grant County Board's minutes. After some discussion of the propriety of acting on petitions addressed only to the Grant Board and other questions, the Codington Board took action by motion which released the Town of Stockholm to Milbank and "accepted" two of the petitions to Milbank. Others were denied, including some petitions to Milbank which were among those involved in the May 19, 1970 Grant Board actions. On June 17, 1970, the secretary of the Grant Board signed a "NOTICE OF CHANGE OF SCHOOL DISTRICT" which gave notice that Stockholm School District No. 1 of Grant County was changed at a meeting of the Grant Board on May 19, 1970, whereby the Town of Stockholm and a small tract of other real estate became a part of the Milbank Independent District, effective as of July 1, 1970.

On August 24, 1970, Orville A. Anderson, a Stockholm

---

1. Created by SDCL 13-6-2.1. All land was required to be part of an independent school district by July 1, 1970, SDCL 13-6-8 and 13-6-8.3, and it gave the Commission power to act to that end.

resident and elector and respondent here, executed a Notice of Appeal to the Circuit Court of Grant County, which reads:

> "[he] appeal[s] from that purported decision of the Grant County Board of Education as evidenced by 'Notice of Change of School District' dated June 17, 1970, purportedly changing school district * * * whereby the Town of Stockholm * * * became a part of Milbank Independent School District No. 2 of Grant County". (Other property is described.)

A copy of the Notice of Change of School District was attached thereto.

In circuit court the Grant Board moved to dismiss Anderson's appeal for lack of jurisdiction, claiming that the time for appealing from the decision of the Board had expired under SDCL 13-6-89. No separate order was made denying this motion; however, in the Order and Judgment appealed from, the court stated "the appeal * * * is * * * allowed"; it also annulled the Grant Board's decision. The Board appeals. The lack of jurisdiction assertion made here in the assignments of error first deserves attention. Whether SDCL 13-6-89 or SDCL 13-46-1 relative to appeals from decisions of school boards applies, SDCL 13-46-1 requires the appeal to be taken within 90 days "after the rendering of such decision", while SDCL 13-6-89 states the aggrieved party "shall be entitled to appeal such decision" within 90 days. Each refers to a "decision" of a "school board" or "county board" of education. [2]

The only decision of the Grant Board in the record before this court relating to changes of boundaries of a school district is Resolution 14 which shows six motions were passed on May 19, 1970. The August 24, 1970 Notice of Appeal does not include all the real estate described in the Grant Board's Resolution for the reason, it must be assumed, the Codington County Board on June 10, 1970, did not completely agree to the Grant Board's action. Neither did the June 17, 1970 Notice of Change of School District

---

2. Rather than state the lengthy designations for boards, officers, etc., the opinion will use shortened terms to designate them.

signed by the Grant Board's secretary completely set out the real estate involved in the Grant Board's action; it omitted that part which the Codington Board refused to approve.

■ Customarily actions by school boards are by resolutions which are subject to appeal. See SDCL 13-6-47 and Knodel School v. County Board of Education, 82 S.D. 185, 144 N.W.2d 38. In Middle Creek School District No. 18 v. Butte County Board of Education, 83 S.D. 107, 155 N.W.2d 450, a board having jurisdiction so to do, approved a resolution attaching one district to another. The court said:

> "* * * no further action was necessary to make it complete. It was a decision within the terms of section 15.2023, supra, (now SDCL 13-6-89), from which any party aggrieved was entitled to appeal within ninety days to the circuit court. Insofar as the legality and appealability of the decision are concerned, it was not affected by statutory provisions fixing the time when the alteration would become operative. S.D.C. 1960 Supp. 15.2005(6). Neither was the adjustment of the assets and the liabilities of the districts involved a condition precedent to the decision."

■ In order to come within the 90-day appeal limit, counsel for Anderson seem to rely either on the June 10, 1970 action of the Codington Board as making the Grant Board Resolution 14 final or complete or on the June 17, 1970 Notice of Change of School District signed by the secretary of the Grant Board. If action of the Codington Board was necessary to make the Grant Board Resolution effective and final (a contention on which we indicate no opinion), for that reason it would be the final resolution or decision from which appeal should have been taken. With reference to the Notice of Change of School District feature, the secretary is not a member of the board, Appeal of Parker Ind. School District, 84 S.D. 388, 172 N.W.2d 290, and any acts or things done by a secretary are not acts of the Board.

■ We have not overlooked the statement in Dunker v. Brown County Board of Education, 80 S.D. 193, 121 N.W.2d 10, that

"By virtue of SDC 1960 Supp. 15.2015 (now SDCL 13-6-41 through 13-6-51) it became an existing school district upon the issuance of the county superintendent's order."

That section provided that after an election indicated approval of a proposed district, the county superintendent[3] shall issue an order creating such new school district. Successor statutes now provide the order shall be issued in limited cases only on passage of a resolution by the county board directing issuance of such order. See SDCL 13-6-47 and 13-6-48. The present proceeding did not involve an election so that section did not authorize the order.[4] The comments of the court in Dunker were as to the time the reorganization "takes effect" and did not intend to modify the time within which an appeal might be taken from any decision of the Board. In any event, the notice was a "ministerial" act purporting to carry out the Grant Board's action. See State ex rel. Isaacson v. Parker, 40 S.D. 102, 166 N.W. 309, and Austin v. Eddy, 41 S.D. 640, 172 N.W. 517. It did not extend the time for appeal from the Board's decision.

■ Having concluded Anderson's appeal from the Grant County Board's resolution of May 19, 1970, was not timely taken, the circuit court acquired no jurisdiction.

"If a circuit court is without jurisdiction of the subject matter in litigation, this court does not acquire jurisdiction thereof by appeal to it from the final order or judgment of the circuit court." Middle Creek Sch. Dist. No. 18 v. Butte County Bd. of Ed., 83 S.D. 107, 155 N.W.2d 450.

---

3. Then the board's secretary, SDCL 13-3-14, repealed by Ch. 99, § 10, S.L. 1971, now county auditor, SDCL 13-6-48. The office of County Superintendent of Schools was abolished by Ch. 87, § 1, S.L. 1970, SDCL 13-3-43.

4. Counsel have not cited nor have we found a statute authorizing the order by the Grant Bd.'s secretary. SDCL 13-6-8.4 requires the State Commission created by SDCL 13-6-2.1 to direct the state superintendent (SDCL 13-6-1(3)) to notify certain officers by mail to act when a school district is created. It likewise does not apply.

Therefore, this court has no jurisdiction to consider whether the Grant Board had jurisdiction to act without a joint meeting with the Codington County Board or the many other questions argued in the briefs.

While neither the circuit court had, nor this court has jurisdiction to determine the controversy on the merits, by reason of the many appeals where rules of procedure have been ignored it is deemed advisable to comment on the record, or lack of it. On the Notice, Bond on Appeal and Anderson's Affidavit, the court restrained the Grant Board from taking any action to implement Resolution 14 and to show cause why the Board should not be so restrained. At the time set for hearing, an affidavit signed by the Chairman of the Grant Board and its attorney referred to the general school situations and to minutes of the two Boards; it included references to the law involved. Discussion ensued with later extended briefs. On appeal from a school board decision, SDCL 13-46-4 requires the clerk of the Board to transmit a certified copy of the record, all proceedings therein and all original papers filed. There was no compliance with that statute; no such record was presented and no evidence offered. Attention is called to SDCL 13-46-6 where the trial of the appeal in circuit court "shall be de novo", etc. The Order and Judgment appealed from were entered January 20, 1971. The appeal to this court was filed in July 1971. Thereafter, in September 1971, the parties discovered the incomplete, or lack of, record and executed and filed a Stipulation of Facts as part of the settled record. The facts there vary somewhat from other records. How this procedure may be thought to affect the trial court's order is problematical. Noncompliance with established law and rules of court may well result in a decision not on the merits but on procedural errors. It is a result to be avoided. Those last mentioned do not so affect the result in this appeal.

The judgment of the circuit court must be vacated with directions to dismiss this appeal.

All the Justices concur.