Mae M. BLUMER, et al., Respondents,

v.

The SCHOOL BOARD OF BERESFORD INDEPENDENT SCHOOL DISTRICT NO. 68 OF UNION COUNTY, South Dakota, Appellant.

No. 11615.

Supreme Court of South Dakota.

Feb. 10, 1977.

Charles Lacey, Patrick H. Lacey, Sioux Falls, for respondents.

John E. Simko, Jr. of Woods, Fuller, Schultz & Smith, Sioux Falls, Robert B. Frieberg of Frieberg & Frieberg, Beresford, for appellant.

MORGAN, Justice (on reassignment).

This is another of the many controversies that have reached this court on whether the educational facilities at Beresford, South Dakota should be expanded. Specifically, this action was commenced when plaintiffs-respondents, Mae M. Blumer, Milton Ustad, Edwin O. Thormodsgaard and Leon H. Thompson (taxpayers) appealed from a resolution passed July 8, 1974 by the Beresford Independent School District No. 68 (school board) of Union County, South Dakota.

The taxpayers alleged in their complaint that "the decision of the board is arbitrary, characterized by an abuse of discretion, and is a clearly unwarranted exercise of discretion." Further, the school board "has been waging a campaign of harassment and oppression" by continually attempting to expand the school facilities at Beresford.

In part, the resolution provided:
"After more discussion Ambur motioned that the board let bids on an eight stall bus garage and a permanent classroom facility, which was detailed on the last bond issue to be built on the 25 acre site with financing to come from monies on hand in capital outlay, tax monies budg-eted, and lease purchase as provided in law SDCL 13–16–6 * * *"

After a two-day trial to the court held September 23, 24, 1974, the trial judge ruled by his findings of fact and conclusions of law that the resolution "was a result of an abuse of discretion given the Board, and clearly arbitrary" and "the decision of the School Board should be adjudged to be null and void." From the judgment entered October 23, 1974 in accordance with the findings of fact and conclusions of law the school board appeals. We reverse on the basis that the taxpayers lack standing to sue.

Under our statutes the means that were afforded for judicial review of school board activities were:

"13–16–25. *Action to recover school money unlawfully spent—Schools taught in foreign language.*—If any money belonging to any district is unlawfully expended, or if any such money shall be expended for supporting a school in which the English language shall not be used exclusively in teaching except for the teaching of foreign languages, the county superintendent or any taxpayer of the district may recover such money from the officer so expending it." [1]

"13–46–1. *Right to appeal to circuit court from decision by county or school district official—Time of taking appeal.*—From a decision made by a county superintendent, by any school board, or by a special committee created under any provision of the school law relative to a school or school district matter or in respect to any act or proceeding in which such officer, board, or committee purports or assumes to act, an appeal may be taken to the circuit court by any person aggrieved, or by any party to the proceedings, or by any school district interested, within ninety days after the rendering of such decision. Provided, however, that all legal actions relative to bond issues must be started within ten days."

1. SDCL 13–16–25 was repealed by the Session Laws of 1975, Chapter 128, section 377.

"13–16–6.3. *Referendum petition and election on major installment purchase.* —Approval to enter into an agreement to which § 13–16–6.2 applies shall be subject to a referendum if ten per cent of the electors as determined by the total number of votes cast for Governor in the district at the last general election, petition, within twenty days thereafter, to have the question of approval or disapproval of the agreement placed upon the ballot at the next regular election or at a special election called for that purpose. The business manager shall give notice of the fact that such question will be on the ballot at a regular or special election as provided by law for school elections and prepare official ballots therefor according to the provisions of this title relating to elections and the issue shall be decided by a majority of those voting thereon."

Subject to taxpayer suits under 13–16–25 then are: contracts in which a member of the school board is directly or indirectly interested, SDCL 13–20–2; contracts that were not advertised for bids, SDCL 13–20–3; contracts that were not awarded to the lowest responsible bidder, SDCL 13–20–8. Also subject to taxpayer suits are notes that exceed the debt limitation fund in SDCL 13–19–2 and bonds issued in excess of the Constitutional debt limitation, SDCL 13–19–8, South Dakota Constitution Article XIII, section 4.

In the taxpayers' complaint they did not allege that the resolution passed by the school board was unlawful, only that it was the result of abuse of discretion, arbitrary and a product of harassment. Since the taxpayers have not alleged nor shown that the resolution or the construction of the facilities would be unlawful, their right of recourse, if any, must be through SDCL 13–46–1 or 13–16–6.3.

By commencing this appeal the plaintiffs apparently determined that the provisions of 13–16–6.3 were not applicable or they opted to ignore them or were unsuccessful in securing sufficient signatures. We turn then to the provisions of SDCL 13–46–1.

Under SDCL 13–46–1 the taxpayers must demonstrate that they are "aggrieved parties." As interpreted by this court in *Camp Crook Independent School District No. 1 v. Shevling,* 1936, 65 S.D.14, 26, 270 N.W. 518, an aggrieved party means "only such persons as might be able affirmatively to show that they were aggrieved in the sense that by the decision of the board they suffered the denial of some claim of right, either of person or property, or the imposition of some burden or obligation in their personal or individual capacity, as distinguished from any grievance they might suffer in their capacities as members of the body public." This definition of an aggrieved party was implanted into our case law by the decision of *Wood et al. v. Bangs et al.,* 1875, 1 Dak. 172, 46 N.W. 586.

In *Wood et al. v. Bangs et al.,* supra, the court declared that to obtain standing to sue, the taxpayers must suffer an injury peculiar to them and which affects their private rights, because "No private person or number of persons can assume to be the champions of the community, and in its behalf challenge the public officers to meet them in the courts of justice to defend their official acts * * * (since) Blackstone says: 'It would be unreasonable to multiply suits by giving to each man a separate right of action for what damnifies him in common only with the rest of his fellow [citizens].'" That court also adopted the reasoning in *Doolittle v. Supervisors of Broome County,* 18 N.Y. 155 by using the following excerpt: "But upon the plaintiffs' position in this case, the state and county officers be compelled to litigate the question of constitutionality with every tax-payer, and thus the fiscal business of the State would be transacted mainly in the courts. The law, in my judgment, does not afford such an opportunity for excessive litigation."

Here the plaintiffs merely alleged that they were "taxpayers and qualified electors of Beresford Independent School District No. 68 of Union County, South Dakota." They rely on a recent decision, *Stene v. School Board of Beresford Independent School District No. 68,* 1973, 87 S.D. 234, 206

N.W.2d 69, wherein this court affirmed a circuit court dismissal of an appeal of an order transferring funds from the general to a capital outlay account wherein this court said that the appellant taxpayer failed to appeal from the board's action approving the budget and adopting the levies and went on to state that "SDCL 13–46–1 provides the only means to secure a judicial review of the contention that the levies were excessive."

In this case we do not find *Stene* applicable. We are not here concerned with a direct attack on either a budget or the resultant levies. Taxpayers have been accepted within the term "aggrieved persons" in cases of school reorganization. See *Thies v. Renner et al.*, 78 S.D. 617, 106 N.W.2d 253; *Keiner v. Brule County Board of Education et al.*, 84 S.D. 50, 166 N.W.2d 833; *Dunker v. Brown County Board of Education*, 80 S.D. 193, 121 N.W.2d 10; *Nelson v. Deuel County Board of Education*, 80 S.D. 559, 128 N.W.2d 554; *Anderson v. Grant County Board of Education*, 87 S.D. 83, 203 N.W.2d 179; and in cases of pupil assignments, see *Murray v. Sioux Falls Board of Education*, 1975, S.D., 225 N.W.2d 589 and *Olson v. Pulaski Common School District*, 77 S.D. 416, 92 N.W.2d 678; all of which are obviously instances where a taxpayer can demonstrate a special interest beyond a grievance they might suffer in their capacity as members of the body public. *Stene* merely indicates another area where a general taxpayer has a demonstrated special interest, that is, the procedure for determining their mill levies which will ultimately result in the determination of their tax bill. In this instance the appellants did not allege or attempt to show that a private interest had been invaded or that any injury peculiar to them is threatened. Accordingly, they lack standing to sue.

While we should be hesitant to deny access to our courts we are bound by the legislative mandates in this field of administrative law. Obviously if every taxpayer who disagrees with any act of a school board could appeal to the courts our administrative agencies would be unable to function and our courts would be hopelessly jammed with appeals. It is noteworthy that in this case the board's decision was not unanimous. In fact, a bare majority prevailed. The taxpayers' avenue of recourse is obvious. They can elect a board that reflects their views, otherwise they must abide by the school board's decisions unless they can invoke the right of referendum as provided by SDCL 13–16–6.3.

After the filing of the appeal the taxpayer moved to dismiss the same which motion was argued at the same time as the arguments on the merits. We have considered the motion and conclude that it is without merit.

The judgment appealed from is reversed.

DUNN, C. J., and WOLLMAN and ZASTROW, JJ., concur.

PORTER, J., concurs specially.

PORTER, Justice (concurring specially).

The opinion of the court holds that respondents had no right of appeal under SDCL 13–46–1 because they were not "persons aggrieved." That issue was briefed and argued in the trial court and on appeal and is, I believe, correctly decided by the court here for the reasons given in the opinion. I do not consider *Stene v. School Board of Beresford Independent School District No. 68*, 1973, 87 S.D. 234, 206 N.W.2d 69 a precedent because nothing in the opinion there indicates the issue was raised by the parties or considered by the court. The question of whether some other remedy is or was available to the respondents here is not presented by the record on appeal.