Ellard ANDERSON, H. J. Henle, Melvin Hult, Harold Young, S. W. Peterson, Oliver J. Hult, John Isakson, Merle Lykken, Stanley Akland, Isaac Lykken, Marvin Sommervold, Arthur Vetos, Gilbert Ustad, Willard Jensen, Earl Ellison, Ernest Jensen, Oliver Carlson and Edwin Thormodsgaard, Plaintiffs and Appellants,

v.

Robert G. KENNEDY, the School Board of Beresford School District, No. 61–2 of Union County, South Dakota, and Beresford School District, No. 61–2 of Union County, South Dakota, Defendants and Respondents.

No. 12279.

Supreme Court of South Dakota.

April 6, 1978.

Rehearing Denied May 12, 1978.

Charles Lacey, Sioux Falls, for plaintiffs and appellants.

Phillip O. Peterson of Frieberg, Frieberg & Peterson, Beresford, for defendants and respondents.

ZASTROW, Justice.

This action was brought by the appellants, who reside within the Beresford School District, in their capacity as taxpayers. They sought to enjoin the respondents, Beresford School Board (Board) and Robert Kennedy (Kennedy), chairman of the Board, from opening and accepting bids for the construction of an auditorium-gymnasium.

This appeal is a result of the circuit court's denial of appellants' request for an interlocutory injunction and its granting of the respondents' motion for summary judgment.

The Board's official minutes reveal that on January 10, 1977, the Board passed a motion which directed an architect to draw preliminary plans for an auditorium-gymnasium within the limits of the monies available in the capital outlay fund.[1] At a special meeting on March 11, 1977, the Board passed a motion "directing the architects to proceed to develop the proposed plan recommended by the architect, leaving options for changes." The architect advised the Board at the March 11 meeting that the specifications and working drawings on the project would be ready so that a June bid letting could be held.

Thereafter, without further motions or resolutions on the plans and specifications,

---

1. The discussion preceding the motion indicated that the fund amounted to $500,000 to $550,000.

they were apparently submitted to the state superintendent of elementary and secondary education as required by SDCL 13–24–14. Approval from the superintendent was received on June 8, 1977. Although no exhibit is present, the parties acknowledge that an advertisement for bids was published on Kennedy's authority setting June 30, 1977 as the date for the "bid letting."[2]

Appellants served a summons, complaint and order to show cause upon respondents on June 27, 1977. The complaint alleged four grounds to support its request for an interlocutory and permanent injunction to be issued to prohibit the opening and acceptance of bids for the auditorium-gymnasium.

The grounds alleged were: (1) that the Board had failed to make or pass any resolution or motion adopting or approving the architect's plans authorizing the construction of the auditorium-gymnasium or authorizing an advertisement for bids on the auditorium-gymnasium; (2) that the transfer of surplus general funds to the capital outlay funds was illegal; (3) that the transfers of surplus general funds to the capital outlay fund in the 1972–1973 and 1973–1974 fiscal years were allowed to accumulate from year to year in violation of SDCL 13–16–7; and (4) that the Board's decision to construct the auditorium-gymnasium was arbitrary and capricious.

A hearing on the order to show cause was held on June 28, 1977. The trial court denied the interlocutory injunction on the authority of *Thies v. Renner,* 1960, 78 S.D. 617, 106 N.W.2d 253, ruling that the only relief available to the appellants was by an appeal from the Board's action under SDCL 13–46–1.

The Board opened the bids which had been submitted on June 30, 1977, and, according to respondents' brief, accepted the low bid. On July 5, 1977, the trial court granted summary judgment in the action on the grounds that (1) the matter was moot because the bids had been opened and

accepted, and (2) that injunctive relief was not available to the appellants. The appellants filed their notice of appeal on July 7, 1977. The construction contract was executed on July 28, and the construction of the auditorium-gymnasium began on August 8, 1977. On August 16, 1977, upon appellants' motion, this court issued a stay conditioned upon the filing of a $25,000 supersedeas bond. The stay was subsequently vacated upon the failure of the appellants to file the bond required. The respondents have now filed with this court a motion to dismiss the appeal for mootness.

According to general rules of mootness adopted by this court, absence of an actual controversy between the litigating parties is reason for an appellate court to dismiss an appeal for mootness. *Clarke v. Beadle County,* 1918, 40 S.D. 597, 169 N.W. 23. An appeal will be dismissed as moot if, pending the appeal, an event occurs which makes a determination of it unnecessary or renders it clearly impossible for the appellate court to grant effectual relief. *Dodds v. Bickle,* 1957, 77 S.D. 54, 85 N.W.2d 284; *State v. City of Veblen,* 1930, 56 S.D. 394, 228 N.W. 802; 5 Am.Jur.2d Appeal and Error, §§ 761, 913; 4 C.J.S. Appeal and Error § 40; 5 C.J.S. Appeal and Error §§ 1354(2), 1362; Note, "Cases Moot on Appeal," 103 U.Pa.L.Rev. 772.

An appeal from an order denying injunctive relief will be dismissed as moot because no effectual relief can be given where, pending the appeal, the acts sought to be enjoined have been performed or completed. *Hansen v. Gregory County,* 1934, 63 S.D. 116, 256 N.W. 797; 5 C.J.S. Appeal and Error § 1362. Here, the appellants sought to enjoin the opening and accepting of the bids on the auditorium-gymnasium. The denial of the interlocutory injunction allowed the Board to proceed to open and accept the bids and subsequently execute the construction contract. The failure of the appellants to comply with the conditions of the stay issued by this court resulted in

---

**2.** When or where the advertisement first appeared does not appear in the settled record, and no allegation has been made of a violation

of the thirty-day requirement of SDCL 5–18–3 on new construction.

its vacation, which in turn resulted in the construction and completion of the auditorium-gymnasium.

■ The reversal of the trial court's decision would not be an effectual relief, inasmuch as the action sought to be restrained has long since passed. The controversy is now moot.

"(However), [i]t is a well-established rule that an appellate court may retain an appeal for hearing and determination if it involves questions of public interest even though it has become moot so far as the particular action or the parties are concerned * * *. The decision as to whether to retain a moot case in order to pass on a question of public interest lies in the discretion of the court and generally a court will determine a moot question of public importance if it feels that the value of its determination as a precedent is sufficient to overcome the rule against considering moot questions." 5 Am. Jur.2d, Appeal and Error, § 768.

See also Annot., 132 A.L.R. 1185; 5 C.J.S. Appeal and Error § 1354(2).

■ In the invocation of the public interest exception, the courts require the existence of three criteria: (1) general public importance, (2) probable future recurrence, and (3) probable future mootness. *United States v. Trans-Missouri Freight Association,* 1897, 166 U.S. 290, 17 S.Ct. 540, 41 L.Ed. 1007; *Southern P. Terminal Co. v. Interstate Com. Com'n,* 1911, 219 U.S. 498, 31 S.Ct. 279, 55 L.Ed. 310; 5 Am.Jur.2d, Appeal and Error, § 768; 5 C.J.S. Appeal and Error § 1354(1).

■ One of the issues raised by the appellants satisfies these requirements and is one which this court feels requires an authoritative determination for the guidance of the public, school boards and their members, and the judiciary. The issue is whether a taxpayer can secure injunctive relief to prevent the school board and its members from illegally entering into a construction contract.

The trial court determined that a taxpayer's only relief from an action by a school board is by an appeal under SDCL 13–46–1. However, as was pointed out in *Blumer v. Sch. Bd. of Beresford Ind. S. D.,* 1977, S.D., 250 N.W.2d 282, such an appeal is restricted to " 'any person aggrieved, or by any party to the proceedings, or by any school district interested * * *.' " Here, the appellants could only seek such an appeal as "any person aggrieved." In *Blumer,* supra, we held that for a taxpayer to be a "person aggrieved" he must be able to affirmatively show a special detriment in his individual or personal capacity, 250 N.W.2d at 283. Here, the appellants were acting only as representative taxpayers and could not have appealed under SDCL 13–46–1.[3]

■ A prerequisite to injunctive relief is, of course, the lack of an adequate and complete remedy at law. 42 Am.Jur.2d, Injunctions, § 39, et seq. Until the repeal of SDCL 13–16–25 by Ch. 128, § 377, S.L. 1975, a taxpayer would have had a statutory right to bring a suit against the individual board members for any school district funds which had been unlawfully expended. In the absence of a statute allowing such an action, a taxpayer may not be entitled to recover public funds paid under an illegal contract from either the public officials or the contractor in the absence of fraud or collusion. 65 Am.Jur.2d, Public Works and Contracts, § 235; 56 Am.Jur.2d, Municipal Corporations, Etc., § 288; 63 Am.Jur.2d, Public Officers and Employees, § 294.

■ The repeal of SDCL 13–16–25 and the restricted right of appeal under SDCL 13 -46–1 would, under the trial court's ruling, prevent the ordinary taxpayer from

---

3. In *Stene v. School Bd. of Beresford Ind. Sch. Dist., No. 68,* 87 S.D. 234, 206 N.W.2d 69, tax levies were challenged as being illegal; however, the court held "[t]he approval of the budgets and the adoption of the accompanying levies were decisions of the school board from which appellants could have appealed" under SDCL 13–46–1. *Stene* did not discuss whether the taxpayers were "persons aggrieved," and it does not appear that the issue of standing was raised and decided as it was in *Blumer v. Sch. Bd. of Beresford Ind. S. D.,* 1977, S.D., 250 N.W.2d 282.

ever challenging an expenditure of school district funds as being illegal. Where the remedy at law is inadequate, the granting of injunctive relief to a taxpayer has been long recognized to prevent the illegal expenditure of public funds, 42 Am.Jur.2d, Injunctions, § 176; 43 C.J.S. Injunctions § 112; 74 Am.Jur.2d, Taxpayers' Actions, § 41,[4] or to prevent the award or execution of an illegal contract. 65 Am.Jur.2d, Public Works and Contracts, § 237.

"*Taxpayers* have the right to restrain public servants from transcending their lawful powers, or violating their legal duties in any unauthorized mode, which will increase the burden of taxation or otherwise injuriously affect the taxpayers or their property." 43 C.J.S. Injunctions § 108 c. at 619.

Of course, injunctions will not lie to prevent the exercise of a public office in a lawful manner. SDCL 21–8–2. Likewise, injunctive relief is not available to review discretionary acts of a school board unless it is shown to have been exercised in an illegal, unauthorized, or unlawful manner. 79 C.J.S. Schools and School Districts § 420; 43 C.J.S. Injunctions §§ 108, 112.

The second ground asserted by the appellants, i. e., the transfer of excess general funds to the capital outlay funds, was held by this court in the case of *Blumer v. School Bd. of Beresford, Etc.,* 1975, S.D., 237 N.W.2d 655, to be an act within the discretion of the school board, and thus would not be grounds for injunctive relief. Such a discretionary act could only be challenged by an appeal by an "aggrieved person" under SDCL 13–46–1.

The fourth ground asserted by the appellants, i. e., that the Board abused its discretion in deciding to building the auditorium-gymnasium, is a matter of discretion in the Board's legal power and is, likewise, not a proper basis for injunctive relief. *Thies v. Renner,* supra.

However, the first and third grounds asserted by the appellants appear to have been of a different nature. The first ground, i. e., that the Board had not passed an appropriate resolution adopting the plans and specifications and authorizing the advertisement for bids, does appear to at least raise the issue of legality of the Board's or its chairman's action which would have justified temporary injunctive relief until the issue was resolved by the trial court. We express no opinion regarding the propriety of the action taken by the Board without a specific motion or resolution because the issue does not appear to be the topic of specific statutory provisions or judicial decision and was not an issue of this appeal. Cf., *Anderson v. Grant County Board of Education,* 1973, 87 S.D. 83, 203 N.W.2d 179. Furthermore, in the settled record of this appeal the action of the Board or its members at the meetings was not fully explored because the action was summarily dismissed by the trial court.

The third ground, i. e., the carry over of capital outlay funds, is also an unsettled issue. Although in the first *Blumer* decision (237 N.W.2d 655) a transfer of surplus funds to the capital outlay fund was involved, it was only the surplus of one fiscal year carried over for expenditure in the next year. The propriety of a carry over involving three fiscal years has not been addressed by this court. However, this court has shown reluctance to allow the circumvention of the requirement of voter approval for large building programs by a school district in *Schull Const. Co. v. Webster Ind. School Dist. No. 101,* 86 S.D. 475, 198 N.W.2d 512. See also SDCL 13–16–6.3 and SDCL 13–19–9. Although we express no opinion on the merits of such a contention, it would appear to raise the issue of legality of the Board's action which should have been considered in the suit for injunctive relief. We also do not pass upon the validity of any defenses, such as laches, which would have been available to the defendants in this equitable action.

4. The use of writ of mandamus and prohibition in similar circumstances is discussed in 74 Am. Jur.2d, Taxpayers' Actions, §§ 43, 45.

Because the action which the appellants sought to restrain, i. e., the opening and acceptance of the bids, has long since passed and the injunctive relief sought could not be given, we do not remand this case for further proceedings and we dismiss the appeal; however, had the matter not become moot, we would have reversed the order of the trial court. Therefore, we award the appellants their statutory appeal costs.[5]

All the Justices concur.

5. The appellants have requested oral argument, respondents have not. Pursuant to SDCL 15– 26–23.1, upon unanimous consent of the justices oral argument has been dispensed with.