Arthur CUKA, Joseph Cuka, Herman Hovorka, Emil Jilek, O. F. Kramar, Joseph Kubal, Donald Pechous, Frank Plavec, and Edward Slama, Plaintiffs and Appellants,

v.

SCHOOL BOARD OF the BON HOMME SCHOOL DISTRICT NO. 4–2 OF BON HOMME COUNTY, South Dakota, Defendant and Respondent.

No. 12267.

Supreme Court of South Dakota.

Argued Feb. 14, 1978.

Decided April 20, 1978.

Robert W. Hirsch of Goetz, Hirsch, Haar & Klimisch, Yankton, for plaintiffs and appellants.

G. J. Danforth, Jr., of Danforth, Danforth & Johnson, Sioux Falls, R. James Zieser, Tyndall, for defendant and respondent.

DUNN, Chief Justice.

This is an appeal by taxpayers and residents of Bon Homme School District No. 4–2 from a judgment of the Circuit Court, First Judicial Circuit, which dismissed the taxpayers' appeal from certain decisions of the Board of Education relating to approval of the budget and construction of some buildings. The court concluded that the school board had substantially complied with all statutory requirements in adopting the budget; that the attack on the budget was a collateral attack aimed at invalidating the building contract, and that the taxpayers, as such, had no standing to challenge the building contract. We affirm.

In early 1976, the school board embarked on plans that would ultimately result in the construction of school buildings in Tyndall and Springfield. As statutorily required by SDCL 13–11–2, it proposed to adopt a budget and submit a levy sufficient to cover construction costs within the 1977 fiscal year. On May 10, 1976, the preliminary budget was presented to the board. It was discussed at the June 7, 1976 meeting and published on July 15, 1976, as required by law. The July 12th meeting minutes reflect that a budget hearing was scheduled for July 26th, and notice of the meeting was given. The meeting which caused the problem was held on August 26th. At that meeting, the board passed a motion to certify the Notice of Tax Budget to the County Auditor but apparently failed to formally vote on approval of the budget. The notice which was approved states, among other things, that: "The following tax budget was approved for the current fiscal year * * *. TOTAL $890,600.00." On September 13, 1976, the board passed a motion reducing the tax request to $870,600. In December of 1976, the board attempted to correct its procedural oversight by passing this resolution:

"WHEREAS, it was the intention of this Board to approve the budget as amended for the Fiscal School Year 1976–1977 at it's (sic) meeting on August 26, 1976, and

"WHEREAS, it appears that the formal words of the approval were inadvertently omitted in the minutes of said meeting,

"NOW THEREFORE, BE IT RESOLVED, that the budget in its final form, as attached hereto, be adopted nunc pro tunc and the record be amended and corrected to comply showing such adoption as of August 26, 1976. Vote: All aye."

Two school board members and the superintendent testified that they intended to approve the budget at the August 26, 1976 meeting.

Bids for the construction of the buildings were called for, and six companies, some from South Dakota, submitted bids. The low bidder was RaDec Construction—a nonresident, foreign corporation—from Hartington, Nebraska. The total bid was $584,-437.87, more than $54,000 lower than the next lowest bid. The contract, as signed, set up an installment purchase over nine years instead of ten, thereby saving the school board $9,728.13 in interest and increasing the annual payments of principal.

On November 24, 1976, the taxpayers appealed to the circuit court pursuant to SDCL 13–46–1 challenging the decisions of the school board to adopt a levy to meet the school budget and to execute the building contracts without first adopting the school budget as required by SDCL 13–11–2 and 13–11–3. They also challenged the legality of the construction contract for several reasons, including the modification of the terms after acceptance of the bids without compliance with SDCL 5–18–8 and failure to comply with South Dakota's resident-

preference statute, SDCL 5–19–3. The contractor was not made a party to the suit, and no stay or injunction of any kind was requested to stop construction of the buildings. While this matter was before the circuit court, this court's decision in *Blumer v. School Board of Beresford Ind. Sch. Dist.,* 1977, S.D., 250 N.W.2d 282, was handed down. The circuit court dismissed the action stating that "[a]ppellants have failed to show this Court where a private interest had been invaded or where an injury peculiar to them had been threatened except through the alleged invalidity of the RaDec Contract. As taxpayers they clearly do not having standing to sue on the invalidity of the RaDec Contract under these facts and circumstances."

■ As this court pointed out in *Blumer,* supra, prior to 1975, the means afforded for judicial review of school board activities were SDCL 13–16–25, which allowed a taxpayer to sue for school money unlawfully expended, and SDCL 13–46–1, which allowed a "person aggrieved" to appeal from a decision by school authorities within ninety days. SDCL 13–16–25 was repealed in 1975,* leaving SDCL 13–46–1 as the only statutory method of appeal. We have repeatedly held that "aggrieved persons" are

"only such persons as might be able affirmatively to show that they were aggrieved in the sense that by the decision of the board they suffered the denial of some claim of right, either of person or property, or the imposition of some burden or obligation in their personal or individual capacity, as distinguished from any grievance they might suffer in their capacities as members of the body public." *Camp Crook Independent School District No. 1 v. Shevling,* 1936, 65 S.D. 14, 26, 270 N.W. 518, 524, *Blumer,* supra, 250 N.W.2d at 284.

The repeal of SDCL 13–16–25, when combined with the judicial definition of "person aggrieved," has left serious questions as to whether general taxpayer suits are allowed in South Dakota and, if so, what the procedural requirements of such suits are. For

the reasons given below, we hold that SDCL 13–46–1 denies these taxpayers the standing to appeal the decisions of the school board and the proper remedy would have been to seek an injunction or a writ of prohibition.

It is clear from reading the record that these taxpayers could show no harm to them "in their personal or individual capacity, as distinguished from any grievance they might suffer in their capacities as members of the body public." If SDCL 13–16–25 were still in existence, they would clearly have a right to sue the board members to recover money that they could prove was illegally expended. Since that statute has been repealed and since the taxpayers did not show that they were "persons aggrieved," the only remedy left to them is an equitable one. *Dale v. School District No. 9,* 1938, 66 S.D. 346, 283 N.W. 158. We have recently held in *Anderson et al. v. Kennedy et al.,* S.D., 264 N.W.2d 714 (#12279, decided April 6, 1978) that "[w]here the remedy at law is inadequate, the granting of injunctive relief to a taxpayer has been long recognized to prevent the illegal expenditure of public funds * * or to prevent the award or execution of an illegal contract." This court went on to say:

"Of course, injunctions will not lie to prevent the exercise of a public office in a lawful manner. SDCL 21–8–2. Likewise, injunctive relief is not available to review discretionary acts of a school board unless it is shown to have been exercised in an illegal, unauthorized, or unlawful manner."

For the reasons given in *Anderson,* supra, we therefore conclude that the taxpayers had no standing to appeal under SDCL 13–46–1 and that a taxpayer suit seeking to challenge the legality of actions taken by a school board must be brought as an action for injunction, writ of mandamus, writ of prohibition or other equitable remedy.

■ We wish to make it clear, however, that injunctive relief is not available as a

* Section 377, Ch. 128, S.L. 1975.

*substitute* for an appeal under SDCL 13–46–1. One who satisfies the definition of a "person aggrieved" cannot allow the ninety-day period set for appeal in SDCL 13–46–1 to pass and then seek injunctive relief. *Hall v. Salem Independent School District No. 17, McCook County,* 1974, 88 S.D. 202, 217 N.W.2d 160; *Murray v. Sioux Falls Board of Education,* 1975, 88 S.D. 554, 225 N.W.2d 589.

The taxpayers rely on the case of *Stene v. School Board of Beresford Independent School District No. 68,* 1973, 87 S.D. 234, 206 N.W.2d 69, in support of their position that challenges to the legality of budget matters can be brought as appeals under SDCL 13–46–1. The question of whether the taxpayers were "persons aggrieved" was neither raised nor argued in *Stene,* supra, and in light of our examination of the standing issue in the subsequent cases of *Blumer* and *Anderson,* supra, we conclude that *Stene* is of little or no value as precedent on that issue. To the extent that the dicta in *Blumer,* supra, indicates that *Stene* allowed for a general taxpayers' suit alleging illegal acts to be brought under SDCL 13–46–1, it is in error.

As stated before, the taxpayers did not seek to enjoin or stay further construction of the challenged buildings and did not bring the contractor into the suit as a party. As a result, the buildings now stand completed or nearly so, and the only remedy the taxpayers seek from this court is an order prohibiting the school board from paying the contractor for the work done. Even though the wrong procedure was used, the taxpayers clearly could have sought a stay of the construction under SDCL 13–46–6; however, they failed to do so. *Sauer v. Bowdle Independent School District,* 1974, 87 S.D. 584, 212 N.W.2d 499.

Since we conclude that the taxpayers had no standing under SDCL 13–46–1 and since they failed to preserve the status quo in a way which would allow this court to grant any other form of relief, we affirm the trial court's judgment of dismissal.

All the Justices concur.